LYNCH v. HEADLEY et al.

(Court of Appeals of District of Columbia. Submitted November 17, 1922. Decided January 2, 1923.)

No. 1521.

1. Patents ⬒101—Claim given broad interpretation in interference proceedings.

In interference proceedings, the claims will be given the broadest interpretation which they reasonably will support, irrespective of the exigencies of the particular case.

2. Patents ⬒106(2)—Senior party held to have made sufficient disclosure of count.

It was sufficient for the applicants in a subsequent specification to incorporate by reference to a prior patent the detailed disclosure in that patent, and the subsequent application thereby contains a sufficient disclosure to support the count in issue in interference proceedings, if the intended method of operation was indicated and the reference for detail was sufficient.

3. Patents ⬒106(2)—Patentability of claim cannot be considered in interference proceedings.

The contention that the claim, if broadly interpreted is not patentable to the adverse party in interference proceedings, cannot be raised in such proceedings.

Appeal from the Commissioner of Patents.

Interference proceedings between James W. Lynch and Benjamin T. Headley and another. From a decision awarding priority of invention to Headley and another, Lynch appeals. Affirmed.

Edwin S. Clarkson, of Washington, D. C., and Joseph J. Gravely, of St. Louis, Mo., for appellant.

Earle L. Parmelee, of Pittsburgh, Pa., for appellees.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions in an interference case, in which the Patent Office awarded priority of invention to Headley and Thompson, who were the first to file.

The single count of the issue originated with Lynch, to whom a patent inadvertently issued, and read as follows:

"A glass-blowing machine, comprising a rotating table and a series of molds arranged thereon for simultaneous operation, said molds having open tops to receive the gather, a regulator, means controlled by the regulator for blowing air into the top of a mold, means for locking the table during the air-blowing, said table locking means being under the control of said regulator for unlocking the table at the end of the blowing, and a control device for said regulator for blowing air into the top of a mold a length of the time which can be adjusted to suit the working conditions."

Upon the declaration of the interference, Lynch moved to dissolve, on the ground that Headley and Thompson had no right to make the claim. Thereafter, Lynch failing to avail himself of the opportunity to take testimony, motion was made for judgment on the record. Lynch then filed another motion for dissolution, on the ground specified in the first motion, and the further grounds that the count, if broadly construed, is not patentable to Headley and Thompson, and that their application does not contain a sufficient disclosure to support the matter in issue.

[1, 2] It is a familiar rule in interference proceedings that claims will be given the broadest interpretation which they reasonably will support, irrespective of the exigencies of a particular case. Kirby v. Clements, 44 App. D. C. 12; Scott v. Longtin, —— App. D. C. ——, 281 Fed. 606. The Patent Office was guided by this rule in finding that the Headley and Thompson application contained a sufficient disclosure. The Assistant Commissioner said:

"The device 75 of the Headley and Thompson application is the regulator called for by the issue. The applicants do not in the present case show the details of this regulator. The specification, however, does indicate its intended method of operation, and reference is made to patent No. 1,017,870, granted February 20, 1912, to Headley and Bard, in which are shown the details of this regulator. It seems unnecessary to insist that the applicants here should have shown all the details which was already disclosed in that patent. It was sufficient for them to incorporate it by reference."

We agree with the Assistant Commissioner.

[3] As to the contention that the claim, if broadly interpreted, is not patentable to Headley and Thompson, it is sufficient to say that this is a question not proper to be raised in an interference proceeding, as we many times have ruled. Lecroix v. Tyberg, 33 App. D. C. 586; Gold v. Gold, 34 App. D. C. 229; Norling v. Hayes, 37 App. D. C. 169; Slingluff v. Sweet, 45 App. D. C. 302; Hathaway v. Colman, 46 App. D. C. 40.

The decision is affirmed.

Affirmed.