## McCHESNEY v. GERRARD & WRIGHT.

(Court of Appeals of District of Columbia. Submitted January 12, 1927. Decided March 7, 1927.)

No. 1902.

1. Patents ⊜⇒101—Claims of senior party to interference proceeding for wire-tying device held sufficiently broad to entitle that party to priority.

In interference proceeding, claim of senior party for a wire-tying appliance having "two separate jaws adapted for the reception of two parallel wires *held* sufficiently broad to include an appliance one jaw of which held only one wire, and to entitle senior party to priority.

2. Patents ⊜⇒101—Claims must be given broadest interpretation which they will reasonably support in interference proceeding.

In an interference proceeding, court must give claims the broadest interpretation which they will reasonably support, and cannot import limitations to meet the exigencies of a particular situation.

Appeal from the Commissioner of Patents.

Interference proceeding between John S. McChesney and Gerrard & Wright. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeals. Reversed.

W. O. Belt, of Chicago, Ill., for appellant.
S. E. Darby, of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal in an interference proceeding. The invention in question is a wire-tying appliance, for using wire as a means of tying boxes, lumber, shingles, lath, pipes, and other objects or packages.

McChesney is the senior party. On November 23, 1920, a patent was granted to him for his invention, and within two years thereafter he applied for a reissue of the patent; whereupon an interference was declared between his reissue-application, and a pending application of Gerrard & Wright for a similar invention. A third party, Wood, was made a party to the interference, and afterwards the party Neth was added, but neither of them figures at present in the case.

The subject-matter of the interference was set forth in the following two counts:

"1. In a wire-tying tool, two separated jaws adapted for the reception of two parallel disposed wires and to prevent their twisting, means for engaging and twisting said

wires intermediate of said jaws, and a movable member co-operating with one of said wire-holding jaws to form a wire cutter.

"2. In a wire-tying tool, two separated jaws adapted for the reception of two parallel disposed wires and to prevent their twisting, means for engaging and twisting said wires intermediate of said jaws, and a movable member co-operating with one of said wire-holding jaws to form a wire cutter, the cutting edges of said wire cutter being limited to cut only one of said wires."

The examiner, when declaring the interference, stated that count 1 was related to Gerrard & Wright claim 28, and McChesney claim 50, and that count 2 was related to Gerrard & Wright claim 29 and McChesney claim 51.

On or before April 26, 1923, the preliminary statements of the respective parties were filed, and it appeared that the date for conception of the invention as alleged by Gerrard & Wright was almost two years later than the filing date of McChesney's original application. The examiner accordingly vacated the order setting the times for taking testimony, and required Gerrard & Wright to show cause why judgment on the record should not be entered against them, in view of their failure to overcome the original filing date of McChesney.

Thereupon Gerrard & Wright filed a motion to dissolve the interference under rule 122, upon the ground that McChesney had no right to make the claims in the language of the issues. This motion was considered by the law examiner, and was denied. The examiner held that, while the two inventions are specifically different, both as to structure and mode of operation, yet the language of the counts is sufficiently general to include the McChesney invention. The examiner of interferences therefore awarded priority of invention to McChesney, holding that Gerrard & Wright had failed to show cause why judgment should not be entered against them, in view of the fact that the date alleged in their preliminary statement for conception of the invention in issue is subsequent to the filing date of McChesney the senior party. It may be added that no testimony was taken by either party.

Gerrard & Wright then appealed to the board of examiners in chief, who reviewed the ruling of the law examiner under rule 130, and sustained the motion to dissolve the interference, and awarded priority of invention to Gerrard & Wright, the junior parties. This decision was appealed to the Commissioner of Patents, and was affirmed, whereupon the present appeal was taken.

[1] We have examined the record, and are satisfied that the language of the counts is sufficiently general to include McChesney's invention, and that priority of invention should be awarded to him.

McChesney's device is designed to receive the free end of a coil of tying wire, passing it endwise through a tension gripper, then through a clamping jaw, next through a narrow slot in a twister pinion, then extending the wire in a loop around the box or bale to be tied, and again through the slot in the twister pinion above the wire already in the slot, next through a second clamping jaw, which accordingly holds the free end of the wire. The tension gripper draws the wire tight around the package; the clamping jaws (on opposite sides of the twisting pinion) hold the wires when taut in a substantially parallel relation for the twisting operation; the twister pinion then turns and twists the parallel wires; and the wire is then severed by the action of a cutter working on the clamp nearest to the coil, thus completing the operation.

It is urged by Gerrard & Wright that this construction does not come within the provision of the counts for "two separated jaws adapted for the reception of two parallel-disposed wires and to prevent their twisting," since each jaw holds but one wire, not two. The provision, however, does not require that each jaw shall hold two wires, but only that two wires shall be held in two jaws. This is done by McChesney's device, and the wires are substantially and functionally parallel disposed, and are engaged and twisted while in parallel relation by means of the twister pinion intermediate the two jaws. The wire is then cut by a knife co-operating with one of the jaws. This responds to the terms of the counts.

[2] In an interference proceeding we must give to claims the broadest interpretation which they will reasonably support, and we are not at liberty to import limitations therein to meet the exigencies of a particular situation. Lynch v. Headley, 52 App. D. C. 269, 285 F. 1003.

We do not need to describe or discuss the device of Gerrard & Wright, since plainly the only question before us is whether McChesney's machine comes within the terms of the counts. And, since we find that it does, we reverse the decision of the Commissioner of Patents, and award priority to McChesney the senior party.