## IN RE STAUBER.

### Patent Appeal No. 2551.

Court of Customs and Patent Appeals.
Dec. 19, 1930.

662

C. P. Goepel and M. C. Lyddane, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application March 3, 1921, for claimed improvements in gas turbines and like machines. Accompanying his application was a very extensive specification, covering 17 pages in the printed record. Attached thereto were 27 drawings of appellant's device, showing it in many forms and ways. The Examiner on June 25, 1921, required new drawings to comply with the requirements of the rules of the practice of the Patent Office. A new oath was also required, and a revision of the specification. The Examiner made the following statement in his letter: "At present, there is * * * an insufficient amount of detail presented to show an operative device or to correspond with the statements in the specification."

Some amendments seem to have been filed on June 24, 1923, but what their nature was is not disclosed by the record. Whatever these amendments were, they were again objected to by the Examiner as being vague and indefinite. On May 28, 1924, in response to the last-mentioned suggestion of the Examiner, the appellant canceled his original specification and claims, and inserted new specification and claims in lieu thereof. On January 15, 1925, the Examiner, having noted the filing of the new specification and claims, stated in a letter, in part, as follows:

"There is no showing in the drawings of a complete organization view whereby the operation claimed can be accomplished.

"Figs. 4 to 8 are stated as being the preferred form but there is no disclosure of valve means whereby air may be compressed on one side and transferred to the opposite side and there utilized, nor is there a complete disclosure of fuel injection and ignition means. Figures 24 to 27 show various modifications but none of these are applicable to the elected species. * * *

"The blades for the guide ring are described as being designed to effect oscillation without shock but it is not understood what this means. Such expressions as 'Being so formed' and 'formed in such manner' are too indefinite.

"Page 10, lines 3 and 4 the two wheels are described as not being divided at their inner ends. If such is the case, how does the water assume the position shown in Fig. 11? The operation of this form in which the water flows always in one direction is not understood. Nor are the forms shown in Figs. 14 to 21 understood. The illustration and description are entirely too meager. * * *

"The claims are all rejected for lack of disclosure. As pointed out supra there is no complete disclosure of valve means and passages necessary for the operation of such a device."

On July 30, 1925, some amendment seems to have been made by appellant, and the Examiner, on December 24th, again made the following suggestions:

"Altho the applicant has apparently endeavored to clarify this case, it is still held that the description is too inadequate. The principle of operation on which the device is to operate should be clearly set out. If the device is to operate due to internal combustion, it should be so stated. The chambers, nozzles, ports, etc., at each side of figs. 1, 3, 5, 7 should be explained as well as the ports leading into opposite sides of fig. 4. How is the air or mixture compressed before explosion?

"The device as shown in figs. 5, 6, 7, 8 is not understood. For instance, in fig. 7, when explosion occurs what happens to the water? The description of this operation should be made clear."

On December 24, 1926, another amendment was filed, and on June 30, 1927, the Examiner finally denied the application, stating that the last amendment did not cure the insufficiency of the disclosure, and that the disclosure was insufficient to comply with section 4888, Revised Statutes (35 USCA § 33). The insufficiency, he found, was largely in this respect: "The drawings show how the vanes of the turbines are arranged but there

is insufficient disclosure of the combustion chambers, how the fuel could be delivered to them and how the timing could be arranged to correlate the explosions with the proper velocity of the wheel whereby the liquid piston could cooperate with the proper vanes to function properly."

An appeal was prosecuted to the Board of Appeals, and that Board, on March 30, 1929, found that the application, together with the specification and drawings of appellant, did not meet the requirements of section 4888, Revised Statutes (35 USCA § 33), and made the following suggestions: "The specification and claims set forth with some particularity the construction of appellant's turbine wheels. But appellant's turbine is not of the usual character operated by a head of water. The specification and claims call for an internal combustion turbine. The water or liquid piston is oscillated back and forth through the turbine to produce continuous rotation. The motive force is obtained from the explosion of mixtures of gases. The primary examiner, the office expert in this art, states that he does not understand from appellant's disclosure how or by what mechanism this is to be done. It is likewise far from apparent to us after a careful consideration of appellant's disclosure." The decision of the Examiner was, therefore, approved.

Section 4888, Revised Statutes (35 USCA § 33), provides that an applicant for a patent shall make application for the same in writing, and file therewith "a written description of the same, and of the manner and process of making, constructing, compounding, and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same; and in case of a machine, he shall explain the principle thereof, and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions. * * * *"

■ Some discussion has been had here as to the jurisdiction of this court to pass upon the errors assigned herein, it being intimated, in argument, that the matter presented may be properly considered one of practice in the Patent Office, and, therefore, a matter not properly appealable to this court. We understand the rule to be that, in matters of practice in the Patent Office, the courts will not ordinarily interfere, so long as such practice is in accordance with rules promulgated by the Patent Office and properly approved, and when such rules are not in conflict with any provision of law. Mell v. Midgley, 31 App. D. C. 834; In re Neill, 11 App. D. C. 584.

■ As we view the matter, however, the action of the Board of Appeals in this case does not amount to a mere matter of practice. The effect of the decision is to deny the claims of the applicant to a patent, and this is a matter plainly within the jurisdiction of this court. Podlesak v. McInnerney, 26 App. D. C. 399; Stevens v. Seher, 11 App. D. C. 245; United States ex rel. Steinmetz v. Allen, 192 U. S. 543, 561, 24 S. Ct. 416, 48 L. Ed. 555.

■ It is well-established law that the courts will not declare patents to be valid upon attack in which the specification, application, and drawings, when considered together, are so vague that one who is skilled in the art cannot, from the said specification, application, and drawings, make use of the invention without further experimentation. The patentee is entitled to an exclusive use of his patent for the period provided by the statute, but, when his patent expires, it must be possible for the public, at least that part of it skilled in the art, to make use of the invention. If the patent does not make this possible, then, upon attack, it may be declared invalid. In re Incandescent Lamp Patent, 159 U. S. 465, 16 S. Ct. 75, 40 L. Ed. 221; O'Reilly v. Morse, 15 How. 62, 113, 14 L. Ed. 601; In re Blackmore, 32 App. D. C. 338; Stevens v. Seher, 11 App. D. C. 245, 263; Mergenthaler v. Scudder, 11 App. D. C. 264, 279. If a patent can be declared invalid for a failure to comply with the provisions of section 4888, Revised Statutes (35 USCA § 33), it logically follows that it should never have been granted. It would be beyond the spirit of the law for the Patent Office to order the issuance of a patent which, upon attack, would be declared invalid because of the insufficiency of its disclosures.

It only remains to be seen whether the Examiner and the Board of Appeals correctly determined that the application, with its accompanying papers herein, was insufficient to comply with section 4888, Revised Statutes (35 USCA § 33).

The Examiner, who is an expert in the art, has found that he is unable to ascertain how appellant's device operates, from his disclosure. The Board of Appeals, also made up of experts in the art, has come to the same conclusion. We have examined the very

lengthy specification and extensive drawings. The appellant's device consists of two turbine wheels containing vanes, revolving side by side, and connected and separated by an intervening stationary guide ring, which guide ring contains ducts. Appellant intends his device to operate by means of a mass of oscillating water which will first strike the vanes of one turbine, then be forced through the ducts of the guide ring by some motive power, gas, air, or otherwise, and thereafter strike the vanes of the other turbine. Immediately thereafter, by like means, it is projected backward through the guide ring and into the vanes of the first turbine. Thus this water piston is oscillated back and forth until both turbines complete their revolutions.

Throughout the specification, the appellant states that he may use well-known processes for utilizing his power so that it will be timed and will operate as he intends it to. However, through the entire specification and drawings, there is, as the Patent Office tribunals have found, no showing as to how he intends to control the feeding of the power to the turbines, or to so time the same that the operation of both turbines and the guide ring are to be synchronized. It is very possible that the appellant had in mind certain well-known mechanical methods which he might employ. We have, in this opinion, quoted very considerably from the statements of the Examiner, in order to show that the appellant, on many occasions, was given the opportunity to so amplify his application, specification, and drawings, that it would be plain to the Patent Office what method he proposed to employ. However, he did not follow these suggestions, and elected to stand upon his application. This might have been taken as evidence by the Office that he was unable to fully demonstrate his mechanism. At least he cannot complain, if, after the Office had called upon him for more definite information so that his device might be understandable, and after he had failed to comply with this suggestion, his application was rejected.

It is quite evident that counsel for the appellant appreciates the deficiency of the appellant's application, inasmuch as he devotes a very considerable space in his printed brief and argument to a discussion of patented devices, which, he claims, would perform the process which appellant has in mind. These patents, however, are not in the record, and this court cannot attempt to go to the Patent Office and search its records in order to demonstrate whether some device, which was the subject of a patent, might possibly be helpful to appellant's application.

If the appellant had desired to do so, he might have cited and referred in his application to such patents, or to any other patents, and, by such reference, have made them a part of his application. This he did not do, and, therefore, they cannot be considered now.

We agree with the Board of Appeals that an examination of appellant's application, specification, and drawings, fails to disclose clearly how the device will operate, or whether, in fact, it will operate at all. Therefore the decision of the Board of Appeals is affirmed.

Affirmed.