## SPECIAL EQUIPMENT CO. v. OOMS.
### No. 8466.

United States Court of Appeals
District of Columbia.

Argued Dec. 14, 1945.

Decided Jan. 14, 1946.

Mr. Harold W. Norman, of Chicago, Ill., of the bar of the State of Illinois, pro hac vice, by special leave of court, with whom Curtis F. Prangley and Ballard Moore, both of Chicago, Ill., and James M. Graves, of Washington, D. C., were on the brief, for appellant.

Mr. J. Harold Kilcoyne, of Washington, D. C., also entered an appearance for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before GRONER, C. J., and EDGERTON and CLARK, JJ.

EDGERTON, Associate Justice.

Appellant's suit to obtain a patent[1] was dismissed by the District Court. That court agreed with the Patent Office that the appealed claims were misleading and incomplete and failed to point out the invention. These were the principal issues raised by the pleadings. On appeal this court did not decide these issues but affirmed the District Court's judgment on a wholly different ground.[2] The Supreme Court reversed our judgment and remanded the cause to this court "to enable it to consider and decide the issues raised by the pleadings."[3] Special Equipment Co. v. Coe, 324 U.S. 370, 380, 65 S.Ct. 741, 746.

Appellant's invention is a machine for preparing pears for canning. The entire machine consists of (1) a revolving turret in which the tops of the pears are cut off or "bobbed", (2) a transfer mechanism, (3) a splitting knife to halve the bobbed pears, and (4) a second revolving turret in which half-pears are peeled and cored.

[1] R.S. § 4915, 35 U.S.C.A. § 63.

[2] This ground concerned appellant's intent in regard to use of the patent. Special Equipment Co. v. Coe, 79 U.S.App. D.C. 133, 144 F.2d 497.

[3] Appellant's statement that we have already decided these issues is obviously erroneous since it attributes error to the Supreme Court. Our previous dicta regarding some of these issues did not refer to the particular facts on which our present opinion turns. The dictum that "there is no lack of completeness or clarity" in the claims was intended, as its context shows, to assert only that "they specifically point out what is claimed as an invention and it would not be difficult to construct the subcombination from the drawings." Special Equipment Co. v. Coe, 79 U.S.App.D.C. 133, 138, 144 F.2d 497, 502.

Appellant's claims on this entire machine, and also other claims on various component parts of the machine, have been allowed by the Patent Office. The peculiarity of the claims now on appeal is that they omit the splitting knife. They are limited to the two turrets and the transfer mechanism.

One of the fully established requirements of the patent law is that the applicant must disclose what he claims and how it works. "In case of a machine the description must disclose the best mode in which the inventor has contemplated the application of his discovery. R.S., § 4888 [35 U.S.C.A. § 33]. Ever since Grant v. Raymond, 6 Pet. 218 [247], 8 L.Ed. 376, it has been consistently held that a correct and adequate description or disclosure of a claimed discovery (which, in the case of a machine, involves particularly the operation of it) is essential to the validity of a patent."[4] Partial combinations or subcombinations are of course no exception to this rule.[5]

Appellant's application shows no way in which the subcombination without the splitting knife, which the appealed claims describe, can be made to operate. It is true that the application indicates an alleged method of operation. But this only makes the claims misleading, as well as incomplete and not descriptive of the invention, for the indicated method of operation is physically impossible. It is impossible for the following combination of reasons. (1) The claims indicate that whole pears are fed into the first turret of the machine.[6] (2) The first turret does not split the pears. (3) The second turret, on the other hand, can receive only half-pears[7]. Yet (4) the appealed claims call for "transferring" the pears from the first turret to the second. The relevant language of claim 44, for example, is: "means operable upon the fruit when the first turret is at a third station and the second turret is at one of its stations for transferring the fruit from the fruit holding members of the first turret to the fruit holding members of the second turret." The claims therefore disclose a thing which is impossible and fantastic. Instead of describing appellant's machine they describe a machine which never was on sea or land; one which is capable of putting whole pears into a thing which can receive only half pears. Obviously an essential step has been omitted. In other words the claims are incomplete and do not describe an actual invention.

In the present suit, appellant has shown moving pictures of an actual machine which contains no splitting device and which can actually be operated in ei-

---

4 Beidler v. United States, 253 U.S. 447, 453, 40 S.Ct. 564, 566, 64 L.Ed. 1006; Permutit Co. v. Graver Corp., 284 U.S. 52, 52 S.Ct. 53, 76 L.Ed. 163; In re Creveling, 25 App.D.C. 530; Power Patents Co. v. Coe, 71 App.D.C. 369, 110 F.2d 550; In re Bloch, 65 F.2d 268, 20 C.C.P.A. (Patents) 1180; In re Lawson, 21 C.C.P.A. (Patents) 1091, 70 F.2d 373.

5 "In a combination patent the different elements making up the complete device may be claimed in such number and in such varying combinations as the inventor considers necessary for his protection, provided always that when thus claimed the patentee in each instance discloses a complete, new, and operative combination." Farrington v. Haywood, 6 Cir., 35 F.2d 628, 630.

6 The District Court so found and the finding is clearly correct. The claims use the words "pears" or "a pear" or "fruit". Nothing in the application suggests that these words were intended to convey, and they certainly do not convey, the idea of parts of pears. On the contrary, the context makes it clear that the words are used in their unqualified sense. For example, the specification states: "It is an object of the present invention to provide a machine adapted to receive a pear in its natural growth and to fully prepare it for canning * * *."

7 This fact, which was found by the District Court, appears from the application as a whole and is not disputed. We understand it to be affirmatively conceded. Appellant's brief states that the elements of the machine include: "5. A spreader mechanism onto which the pears are carried by the transfer mechanism, and which swings to drop the pear halves into the fruit cups of the second turret. 6. A second turret with fruit cups for receiving pear halves from the spreader mechanism and carrying the pear halves successively to a plurality of stations about this turret. 7. Peeling mechanism at one station about the second turret for peeling the pear halves while they are held in the cups * * *." The opinion of the Supreme Court states that "pear sections" are deposited in the second turntable. 324 U.S. at page 372, 65 S.Ct. at page 743.

ther one of two ways. (A) Pre-split pears can be introduced into the first turret of the machine. (B) In the alternative, whole pears can be introduced into the first turret, removed from the machine after they leave that turret, and then split by hand; the resulting half-pears can then be introduced by hand into the second turret. If these methods of operation had been disclosed in the application, the claims would have been complete and would have described an invention. But appellant's application does not disclose either of these methods or any other method by which either the claimed or the demonstrated subcombination can be made to work. The methods now demonstrated are not even consistent with the appealed claims.[8] It does not appear that the inventor ever thought of a method by which a subcombination without a splitting knife could be made to work. As far as appears the methods now demonstrated may have been the afterthought of a lawyer who was seeking a legal result [9] rather than a physical one. It is hardly necessary to say that an afterthought cannot meet the requirement of disclosure.[10]

Since the claims are misleading and incomplete and fail to describe an invention, the appeal must fail.

Affirmed.

---

[8] Method (A) is inconsistent with the step which in the immediately preceding paragraph of this opinion we have numbered (1), and method (B) with the step which we have numbered (4).

[9] "A patent on the combination embodied in the complete machine, without the allowance of the subcombination claims, would not, as the court below thought, prevent the free use of the subcombination." Special Equipment Co. v. Coe, 324 U.S. 370, 376, 65 S.Ct. 741, 744.

[10] We have held that it cannot even meet the requirement of invention. Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449.