**GENERAL ELECTRIC COMPANY,**
Appellant,

v.

**Edward J. BRENNER, Commissioner of Patents, Appellee.**

**No. 21465.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 22, 1968.

Decided Oct. 25, 1968.

---

1. 3 Trade Reg.Rep. ¶ 17,996, at 20,389 (FTC 1967).

2. *E. g.*, Rosenberg v. Fleuti, 374 U.S. 449, 451, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963).

Mr. Melvin M. Goldenberg, Arlington, Va., with whom Messrs. George V. Eltgroth, New York City, and Frank L. Neuhauser, Washington, D. C., were on the brief, for appellant.

Mr. S. William Cochran, Atty., United States Patent Office, with whom Mr. Joseph Schimmel, Sol., United States Patent Office, was on the brief, for appellee.

Before BURGER, TAMM and ROBINSON, Circuit Judges.

TAMM, Circuit Judge.

Appellant, plaintiff in the District Court, sought review of the action of the Commissioner of Patents in refusing to enter an amendment to an application for a patent in the name of Henry L. Herold, et al., the entire right, title and interest of which was assigned to the appellant. This appeal is from an order of the District Court denying appellant's motion for summary judgment, granting the appellee's cross-motion for summary judgment and from an order of that court denying appellant's motion to alter or amend judgment.

In 1960, nineteen applications for United States Letters Patent were filed with the Patent Office. Among these was the application of Henry L. Herold, et al., for a "Data Processing System" (Ser. No. 53,023). This application was assigned to the General Electric Company, appellant herein, along with the others for the purpose of securing protection for a proposed computer system devised by General Electric. This group of applications also included that of Robert R. Johnson, Ser. No. 8391, and in February, 1963, his application was approved and given the patent number 3,077,984. Each application was replete with specifications and drawings in compliance with the provisions of Title 35 of the United States Code and in accordance with the Rules of Practice of the U.S. Patent Office. Each contained identical disclosures of the computer system as well as separate introductory portions and claims relating to the particular invention claimed in each application. The Johnson patent contains some 485 sheets of drawings and specifications including claims. (If the remaining applications are issued in their present form, they will be substantially the same size.)

On February 28, 1963, subsequent to the issuance of the Johnson patent, a communication was received by General Electric from the Patent Office rejecting the claims of Herold and noting that the application contained specifications and drawings which included "substantial portions" which were identical to the disclosure of the Johnson patent and further noting that substantial savings in printing could be effected if virtually all disclosures were cancelled and those portions of the Johnson patent relied upon were incorporated by reference in the pending applications. Appellant sought an official ruling on this matter from the Commissioner. On August 23, 1963, N. H. Evans, Director, Examining Operation II, on behalf of the Commissioner, denied the petition of General Electric and upheld the suggestion of the examiner to "incorporate by reference" those applicable portions of the Johnson patent. On December 30, 1963, an amendment to the Herold application was filed in compliance with the Commissioner's ruling. Substantial portions of the drawings and specifications were deleted and in their place was substituted applicable references to the Johnson patent. The application, had the amendment been allowed, would have dwindled to seven pages.

The amendment, however, was rejected on April 29, 1965, and the requirement of August 23, 1963, vacated. General Electric thereupon petitioned the Commissioner to resolve the disparity in the two rulings and on August 3, 1965, Mr. Evans, again acting for the Commissioner, affirmed the examiner's ruling refusing to enter the amendment stating that "the claimed subject matter must be disclosed in the application without reference to another application." (J.A. 116.) Because of certain advantages flowing from the "incorporation by reference" requirement, General Electric filed a renewed petition with the Commissioner. On June 8, 1966, Mr. Evans, on behalf of the Commissioner, again denied the petition on the basis of 35 U.S.C. § 154 (1964) (set out in the appendix to this opinion) which requires

copies of drawings and specifications to be annexed to the patent when issued. The aforementioned action was then commenced in the district court and we consider the appeal from that court's ruling.

The questions presented are clear: Whether the Commissioner of Patents has the authority, under the applicable statutes and regulations, to issue a patent upon an application which incorporates, by reference, in its disclosure, substantial portions of a disclosure of an existing patent? If he does have such power, to what extent may "incorporation by reference" be permitted?

## I

■ The first question involves the interpretation and construction of 35 U. S.C. § 112 (1964) (as set out in the appendix to this opinion). It is the requirements of this section under which the Commissioner must act with respect to the sufficiency of disclosures. An analysis of this area of the law reveals:

a) The specification must contain a correct and adequate description of the invention claimed. Seymour v. Osborne, 78 U.S. (11 Wall.) 516, at 555, 20 L.Ed. 33 (1870); Beidler v. United States, 253 U.S. 447, 40 S.Ct. 564, 64 L.Ed. 1006 (1920).

b) The description shall be in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains to make and use same. O'Reilly v. Morse, 56 U.S. (15 How.) 61, at 118, 14 L.Ed. 601 (1853); Permutit Co. v. Graver Corp., 284 U.S. 52, 60, 52 S.Ct. 53, 76 L.Ed. 163 (1931).

c) These terms need only be reasonable with respect to the art involved; they need not inform the layman nor disclose what the skilled already possess.

They need not describe the conventional.[1]

d) The intricacies need not be detailed ad absurdum. The skill of the inquiring artisan must be taken into account.[2]

e) Where complexity dictates, broad terminology complies with the statute. Application of Fuetterer, 319 F.2d 259, 262, 50 C.C.P.A. 1453 (1963); Sears, Roebuck and Co. v. Jones, 308 F.2d 705, 707, 708 (10th Cir. 1962).

■ The issuance of a patent confers on the recipient a most cherished right. Congress has dipped into its bottomless well of government resources and accords monopoly protection to the inventor. Considering this factor in the light of the relevant authority, the intent of the statute is clear. In an effort to protect both the patentee and the public, § 112 requires adequate disclosure of an invention through a proper description of the limits of the monopoly asserted. Nothing less than full disclosure will comply therewith.

The question then becomes—does incorporation by reference find a foothold in the case law with respect to "adequateness" of disclosure under § 112?

## II

The doctrine of incorporation by reference is more clearly associated with the law of wills where it antedates the federal system. It is the offspring of the economies of time and space and is used to enable one document to become part of another by reference and to take effect as if the former clearly outlined the latter. In the law of patents, however, incorporation by reference is a new arrival. Its birth has been retarded by a too literal reading of the statutes. It did find its way into patent law however in the case of Lynch v. Headley[3] where,

1. (Webster) Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177 (1881); Merck & Co. v. Chase Chem. Co., 273 F.Supp. 68 (D.N.J.1967); Lorenzo, "Insufficient Disclosure, Obviousness, and the Reasonable Man," 49 J.Pat.Off.Soc'y 387 (1967).

2. Merck & Co. v. Chase Chem. Co., supra note 1, at 75–79.

3. 52 App.D.C. 269, 285 F. 1003 (1923).

in passing upon the issue of whether a reference, in an application for a patent, to a "regulator," (details of which were outlined in another patent) satisfied the requirements of 35 U.S.C. § 112 (1964), this court agreed with the assistant Commissioner that it was "unnecessary to insist that the applicants here should have shown all the details which was [sic] already disclosed in that [prior] patent. *It was sufficient for them to incorporated it by reference.*"[4] (Emphasis supplied.)

In 1950, Judge Jackson of the United States Court of Customs and Patent Appeals (later a member of the district court of this circuit) held in the *Application of Heritage*, that "[t]here can be no question but that in a patent application, the disclosure thereof may be supplemented by reference to another patent. In re Stauber, 45 F.2d 661, 18 C.C.P.A., Patents, 774. * * * Furthermore, it is sound law, in our opinion, that *any reference to a disclosure which is available to the public is permissible.*"[5] (Emphasis supplied.)

In 1959 the United States Court of Appeals for the Sixth Circuit held that "specific reference [to] the Molitor application supplies the necessary disclosure * * *. The disclosure of a patent application may be supplemented by reference to another patent."[6] Subsequently in 1967, in the *Application of Lund* the U.S. Court of Customs and Patent Appeals recognized that "the disclosure in a patent application may be deliberately supplemented or completed by reference to disclosure set forth in other patents * * * [to applications] which may have become abandoned * * * or, in general, to 'disclosure which is available to the public,' * * *."[7]

The teaching of *Heritage* is that incorporation by reference has a home in patent cases provided that any reference made is to *that which is available to the public.* This is consistent with all the aforementioned cases and consistent with the rationale behind § 112.

■ The duty to superintend the issuance of patents resides in the Commissioner by statute.[8] In exercising those duties the Commissioner is given wide discretion based upon his experience and expertise and the courts should not disturb his rulings unless a clear abuse of that discretion is manifest. However, the question before this Court arises not out of an abuse of discretion but upon the limits of discretion. In that regard, we hold that the Commissioner has the authority to issue a patent upon an application wherein the disclosure incorporates, by reference, (and relies thereon) certain portions of a disclosure of an existing patent provided that this information relied upon is available to the public.

### III

■ This brings us to the second question, *id est,* "to what extent may incorporation by reference be permitted?" That total incorporation by reference cannot be accomplished under § 112 is apparent from the reading of *Lund, Heritage* and *Stauber.* It is limited to reference to material available to the public. This would exclude secret or privileged materials as in the case of some abandoned patent applications. It is reasonable also to exclude materials which are not easily available to the public or the Patent Office. This would include unpublished dissertations and theses, obscure foreign publications and

4. *Id.* at 270, 285 F. at 1004.

5. 182 F.2d 639, 643, 37 C.C.P.A. 1109 (1950).

6. National Latex Products Co. v. Sun Rubber Co., 274 F.2d 224, 230 (6th Cir. 1959).

7. 376 F.2d 982, 989 (C.C.P.A.1967). *See also* In re Stauber, 45 F.2d 661 (C.C.P.A.1930), *and* In re Fried, 329 F.2d 323, 51 C.C.P.A. 1118 (1964).

8. 35 U.S.C. § 6 (1964).

publications to which there are no available English translations. Books and learned treatises with the imprimatur of the particular profession to which they relate ought to be permitted to be incorporated by reference as to the specifics contained therein.

█ Reference ought not be allowed where the object material of a reference also contains a reference upon which the application relies. The reason for this is clear. It is conceivable that one researching a patent might be referred throughout the patent files, the university libraries and the corner drugstore bookstand *ad infinitum*. Finally, there might be a disallowance of incorporation by reference when the application comprises less than 10 pages, inclusive of the material which is sought to be incorporated. We reiterate that a great deal of discretion is lodged with the Commissioner in regard to formulating a working system in the Patent Office. He may propose guidelines to effectuate the statute in accordance with the points here raised.

█ Finally we comment on the action of the Commissioner of June 8, 1966, in the almost wistful[9] denial of reconsideration of the denial to permit amendment (J.A. 136). This action was in part based upon Section 154 of 35 United States Code which requires a copy of the specifications and drawings to be annexed to the patent issued. It is our position that if the application meets the requirement of Section 112 it would thereby follow that requirements of Section 154 are met.

Filing cabinets abhor redundancy. Warehouses covet their space. The overcrowded conditions of offices in this city are in direct ratio to the space needed for storing of documents. The Patent Office was conceived by a docu-

ment and has been prolific in that regard from its inception. These considerations warrant an economizing of words so as to alleviate these serious conditions. We do not feel that this economy will be at the expense of clarity and thereby frustrate the effectiveness of the statute. We expound a rule of reason and apply it to the statute in the light of the surrounding circumstances.

We reverse the decision of the district court and remand this case with directions to return the case to the Commissioner to proceed upon the application in accordance with the directions contained herein.

Reversed and remanded.

## APPENDIX

35 U.S.C. § 154 (1964). Contents and term of patent.

Every patent shall contain a short title of the invention and a grant to the patentee, his heirs or assigns, for the term of seventeen years, of the right to exclude others from making, using, or selling the invention throughout the United States, referring to the specification for the particulars thereof. *A copy of the specification and drawings shall be annexed to the patent and be a part thereof.* (Emphasis supplied.)

35 U.S.C. § 112 (1964). Specification.

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

9. It seems to be the position of the Commissioner that although the existing case law allows incorporation by reference of nonessential materials it does not encompass reference to essentials. We view the law, however, as permitting reference to materials which are available to the public. We here attempt only to clarify this position.

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.