**FARRINGTON v. HAYWOOD.**

Circuit Court of Appeals, Sixth Circuit.
November 13, 1929.

No. 5224.

Herbert A. Baker, of Boston, Mass. (Marcus B. May, of Boston, Mass., on the brief), for appellant.

B. M. Kent, of Cleveland, Ohio (Kwis, Hudson & Kent, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. This is an action for infringement of patent No. 1,336,830, granted to Charles F. Farrington, April 13, 1920, for a barrel agitator. Claims 1, 4, 6, 11, 15, 16, and 17 are in issue. The invention consists of a stirrer or agitator especially adapted for use in stirring paint shipped in metal barrels or drums having a centrally disposed bunghole in one of the heads through which the stirrer may be inserted. The form shown in the drawings and described in the specification consists of a single piece of flat metal, pivoted to the head opposite the bunghole, thence carried horizontally to near the side of the barrel, twisted to a generally vertical position, and carried, with a series of spiral or helicoidal twists, upward and inward to the upper bunghole. A cap is also provided for the bunghole which, upon being unscrewed, will serve as a journaling means for the end of the stirrer at the bunghole and, at the same time, as an attachment for the handle by which the stirrer is rotated.

The principal features of novelty and utility, in addition to its unitary construction and general shape which permit it to be inserted through the bunghole, consisted of its being constructed of a flat metal strip mounted on edge through its horizontal portion, with a twist at the angle of junction with the vertical or eccentric portion, which twist serves to raise the material to be stirred, and with helicoidal twists' in the upper portion which, in passing through the liquid, cause currents and vortices throughout the mass to produce a complete mixing. This was new.

There had been other agitators with a plurality of flat mixing blades arranged substantially parallel to the sides of the barrel and rotating about its axis, which, however, were not devised for insertion through the bunghole (see Brandenberger, No. 330,555, 1885); others of the folding vane type which were made up of many moving parts and which, while insertible through the bunghole, were journaled outside the barrel (see Gates, No. 579,055, 1897, and Flaherty, No. 609,270, 1898); others with a demountable blade element "constructed and arranged substantially like the blades of a screw or propeller for steamships" which might be mounted through the top and side bungholes (compare: Ordway, No. 358,290, 1887); a folding or collapsible type which might be inserted through the bunghole but which was journaled outside the barrel and had a number of sliding and pivoted parts likely to become clogged and inoperative when used in paint (Brillhart, No. 1,218,623, 1917); and the doughmixers of Libbman (No. 793,844 of 1905) and Roseland (No 1,042,278 of 1912), which were provided with eccentric arms, constructed of round bars, were in a different and somewhat remote art, and were lacking in the utility due to the flat construction of Farrington and the helicoidal twists which he used. The great simplicity of the Farrington device, the ease with which it was inserted through the bunghole, and the efficiency of its operation, led to its immediate adoption by the trade and its commercial success.

In designing the alleged infringing device of the defendant, Haywood retained the same general shape and mixing parts of the plaintiff's stirrer, that is, the flat horizontal member and the eccentric or vertical and inclined portions, but constructed the stirring blade in two parts hinged or movably pivoted with respect to each other at the angle between the horizontal and the upper or eccentric portions. Haywood also used a permanent rod at the axis of the barrel upon which the stirrer blade could be inserted after the barrel was filled. In the event that an unusually large amount of paste or heavy sediment had accumulated at the bottom of the barrel, the joint or hinge between the two portions of the blade permitted the defendant's stirrer to cut into the accumulated sediment in the shape of an inverted cone and to be gradually worked down, the cone enlarging, until it assumed a normal operative position entirely within the barrel. If the sediment accumulated while the stirrer was in place the blade could also be withdrawn to permit of elimination of resistance and of the conical cutting action. The defendant's stirrer also omits use of the cap as a union and journaling means and is without the helicoidal twists, except one quarter-turn in the horizontal blade near the central rod, which permits the user to insert the stirrer upon the rod and at the same time to retain the horizontal mem-

ber on edge, and a similar quarter-turn where the vertical section begins to incline upwardly and inwardly to the bunghole.

■■ The various elements of the complete device of the plaintiff are a flat, substantially rigid, or, as shown, a one-piece stirrer blade, which is insertible through the bunghole, having a horizontal portion pivoted at the center of one head of the barrel and an eccentric or upright portion passing to the bunghole; the helicoidal twists, causing cutting, lifting, and mixing action; and "means by which the opposite ends of said blade are journaled respectively within the barrel." The claims in suit emphasize and claim combinations of various of these separate elements of the complete device. The District Court held that the "means by which" the upper end of the blade was journaled within the barrel had reference to the cap above mentioned which, when unscrewed, could be used as a union and journaling means in the bunghole, and to which the blade was attached below and the stirrer handle above; that this element, as well as all other distinctive features of the plaintiff's device, its distinguishing shape, its integral construction, and its helicoidal twists, must be read into each of the claims; and, when the claims were so limited, that the defendant's device did not infringe. In the full scope of this ruling, we are of the opinion that the court erred. In a combination patent the different elements making up the complete device may be claimed in such number and in such varying combinations as the inventor considers necessary for his protection, provided always that when thus claimed the patentee in each instance discloses a complete, new, and operative combination. This is carefully analyzed and pointed out in the decision of this court in Scaife & Sons Co. v. Falls City Woolen Mills, 209 F. 210, 214. When the inventor so chooses his own language in describing his invention the court is not justified in reading into any unambiguous claim an element not included therein. Each claim must stand or fall and the question of infringement be decided upon the language used and the elements· disclosed as in combination by that claim. Lakewood Engineering Co. v. Stein, 8 F.(2d) 713 (C. C. A. 6).

Viewed in the above light, we do not consider that it is necessary to determine whether the element of journaling the ends of the stirrer blade within the barrel necessarily requires the use of the cap as a journaling means (claims 1 and 4), or whether this phrase should be construed as requiring no more than that the two ends of the blade respectively be rotatively associated with the pivot and bunghole. Nor do we consider that it is necessary to determine whether the defendant's stirrer, by reason of its quartertwists, is properly to be considered as a "flat helicoidal blade" within claim 11 or as a blade having a cutting action, a lifting action, and a stirring action within claims 15, 16, and 17. In our opinion the question of infringement may be determined under claim 6 and this claim in turn must be construed and its limitations defined by reference to its history in the Patent Office proceedings.

This claim originally read: "The combination with a barrel or container, having a centrally disposed bunghole in one end thereof, of a stirrer blade therein, one end being pivoted to the head and the other end being located adjacent the said hole, said bar having an intermediate eccentric portion." It was rejected upon Gates, Flaherty, Brillhart, and Roseland, all above mentioned, Gates and Flaherty being patents for mixers of the folding vane type, Brillhart being for the collapsible type and Roseland being for a dough-mixer with the mixing element constructed of a cylindrical bar. In response to the rejection, the words "flat substantially rigid" were added as descriptive of the stirrer bar to distinguish from the folding vane and collapsible types. "Being insertible through said bunghole" was likewise added to further distinguish from Roseland. The precise question now presented is the extent to which the patentee must be considered as estopped by such Patent Office proceedings to claim infringement by manufacture or use of the defendant's stirrer which is made in two parts joined or hinged together, and is therefore claimed not to be "substantially rigid," and which, at least in some instances, operates upon the different principle of cutting a continually enlarging inverted cone into the sediment until the more or less normal position is assumed.

■■ It is a familiar principle of patent law that, where a claim is rejected upon reference by the Patent Office and is amended in order to procure allowance, a patentee may not thereafter be allowed that broader construction of the claim which it might have had without amendment nor the claim held to cover the combination and devices shown in the references upon which it was rejected. I. T. S. Rubber Co. v. Essex Rubber Co., 272 U. S. 429, 444, 47 S. Ct. 136, 71 L. Ed. 335; Grand Rapids Refrigerator Co. v. Stevens (C. C. A.) 27 F.(2d) 243. But we are of the opinion that, if the language adopted permits, "he is not estopped from claiming and

securing by the amended claim every improvement and combination which he has invented and which was not disclosed by those references." Vrooman v. Penhollow, 179 F. 296, 306 (C. C. A. 6), citing and approving J. L. Owens Co. v. Twin City Separator Co., 168 F. 259 (C. C. A. 8). See, also, National Hollow B. B. Co. v. Interchangeable B. B. Co., 106 F. 693, 714 (C. C. A. 8); Ottumwa Box Car Loader Co. v. Christy Car Loader Co., 215 F. 362, 373 (C. C. A. 8); Jones v. General Fireproofing Co., 254 F. 97, 101 (C. C. A. 6).

To the extent that the claim may be read upon the devices of the references cited Farrington is undoubtedly estopped. However, his device was a radical departure from these and from the prior art. It came in response to a need developed through shipment of paint in metal drums in which his stirrer could be conveniently inserted through the bunghole and as conveniently removed, upon return of the barrel, to permit cleaning. There was obviously no intention upon his part to limit his claim beyond what was necessary to distinguish the devices of the prior art, and the language used does not so require. Under these circumstances this court has frequently held that infringement is not avoided by a purely literal departure from the apparent limitation of the claim. Schiebel Co. v. Clark (C. C. A.) 217 F. 760; Clipper Belt Lacer Co. v. E-W Co. (C. C. A.) 237 F. 602, 608; P. Goldsmith Co. v. Johnstone (C. C. A.) 294 F. 756, 760.

Under frequently arising normal conditions, one end of the defendant's stirrer bar is pivoted to one head and the other end is located adjacent the hole and said bar is insertible through the bunghole. At such times it is functionally and operatively integral and "substantially rigid." There is a substantial identity of form and method of operation with only "such variations as are consistent with its being in substance the same thing." Burr v. Duryee, 1 Wall. 531, 573, 17 L. Ed. 650; Sanitary Refrigerator Co. v. Winters (decided October 14, 1929) 50 S. Ct. 9, 74 L. Ed. ——. It will therefore infringe at some stage of its operation. It is unnecessary that it infringe at all stages. The elements of helicoidal twists and "journaling means" do not appear in the claim, and their omission, in substance, from the defendant's device does not therefore avoid infringement of this claim. Doubtless the defendant's stirrer has some functions not possessed by the plaintiff's, and it may be under some conditions an improvement thereon, but this fact also does not avoid infringement. Gordon Form Lathe

Co. v. Walcott Machine Co. (C. C. A.) 32 F. (2d) 55.

We are of the opinion that claim 6 of the patent in suit is valid and infringed. We express no opinion as to infringement of claims 1, 4, 11, 15, 16, and 17. However, the judgment finding such claims not infringed will likewise be reversed and the cause remanded to the District Court, with instructions to enter a decree finding claim 6 valid and infringed. What disposition is made of claims 1, 4, 11, 15, 16, and 17 is a matter of indifference as affecting any substantial rights of the parties, and therefore properly considered as merely a moot question.

Reversed.