## OTTINGER et al. v. FERRO STAMPING & MFG. CO.

### No. 1502.

District Court E. D. Michigan, S. D.

April 11, 1930.

·C. P. Goepel, of New York City, and Frances D. Hardesty, of Detroit, Mich., for plaintiffs.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., for defendant.

SIMONS, District Judge.

This is the usual patent infringement suit involving door latch for automobiles. Plaintiffs' claim is based upon three patents, the first, Ottinger patent, No. 1,386,422, patented August 2, 1921, for a latch, the second, Ottinger patent, No. 1,436,050, patented November 21, 1922, also for a latch, and reissued April 3, 1923, as Ottinger reissue patent, No. 15,569, and the Bradley patent, No. 1,468,954, patented September 25, 1923, described as a latch for vehicle doors. Generically considered, it is the primary purpose of the second Ottinger patent 1,436,050, though this primary purpose is not disclosed in the first Ottinger patent, nor in the Bradley patent, to simplify and increase the efficiency of the means for locking the latch of an automobile door, whereby the owner of an automobile may lock the latches of all doors, except one, from the interior, then lock the remaining door after he leaves the car by means of a key. This purpose is carried out by providing means for locking the latch bolt retracting means against actuation by the outside door handle, while still permitting the bolt to be retracted, and thus enabling the occupant of the vehicle to set the lock after leaving the car, but before closing the door.

All three patents disclose, in the main, old elements, most of them common to door locks, and some previously employed in vehicle locks brought together in what is claimed to be a new way and for a new purpose. Certainly problems are involved in providing a satisfactory latch and lock for vehicle doors not present in door locks generally. Among them may be mentioned the desirability of preventing rattling or chatter due to the motion and vibration of an automobile, the desirability of a device adapted to be inserted in the thin panel of an automobile door, with its limitations of space made necessary by the lowering and raising of windows in the lower panel, and the obvious necessity of providing a setting for the lock which will not be readily unset by the jolting and jarring of a vehicle in motion. All of these virtues are now claimed for all three of the patents, though most of them are not therein disclosed.

In considering the prior art, it seems to me obvious that the lock art for vehicle doors is a lineal descendant of the house door lock art, and that what this writer said in that connection while writing for the Court of Appeals for the Sixth Circuit in Dunham Company v. Cobb, 19 F.(2d) 328, applies here in determining whether any or all of the patents in suit are pioneer or primary patents, or whether they mark but a slight step in advance in an old art, or in a specialized art evolved from an earlier art. So considered, my conclusion is that neither Ottinger nor Bradley were pioneers; that if they contributed invention to the vehicle latch or lock art that the extent of their contribution was the specific means disclosed through which they brought about the desired result, and that the patents must be construed, if valid, to be limited to such means. Furthermore, the patentee, Ottinger, in order to obtain his first patent, and to avoid the prior disclosures of Schoell, 1,237,103, and of Ochsner, 1,331,166, represented that he had a common means for locking the bolt from actuation by either the outside or inside handles, and, as I understand the law to be, the patentee, by substituting the narrower for the broader claims originally presented, is now estopped to assert a different or broader construction: Elliott Machine Company v. P. B. Appeldoorn's Sons Company, 267 F. 983 (6th C. C. A.).

Construing the claims of the patent strictly in order to avoid not only the references to Ochsner and Schoell, but also to Daniels, Jordan, and Manning, in order to save their validity, the first Ottinger patent should be limited to the specific arrangement of a common means for locking both the inner and outer roll backs from operation. It is obvious that defendant's A and B constructions provide specific means for locking the outer and inner roll backs radically different from those disclosed in any of the patents in suit. Defendant's C construction bears some surface resemblance in the specific means used to lock the handles to that disclosed by the second Ottinger patent, but

a close examination reveals that the means employed differs radically from the patent disclosure, and if the latter is limited, as hereinbefore indicated, defendant's C construction does not infringe. The Bradley patent should be limited to the specific link connection between the upstanding lever and the locking dog—specific means which none of the defendants' constructions employ.

Conceding, therefore, validity to the three patents in suit within the narrow limits specified, I fail to see that the plaintiff has sustained the burden of showing infringement on the part of any one of the defendant's three constructions in controversy. I therefore conclude that the relief prayed for should be denied, with costs to the defendant.