## R. C. MAHON CO. v. NEWCOMB-DAVID CO., Inc.
### No. 3347.

District Court, E. D. Michigan, S. D.
Jan. 28, 1931.

Stuart C. Barnes, of Detroit, Mich., for plaintiff.

Barthel, Flanders & Barthel, of Detroit, Mich. (Ralph Binns, of Detroit, Mich., of counsel), for defendant.

SIMONS, District Judge.

There are in issue both the validity and infringement of the patent to Russell. C. Mahon, No. 1,641,181 for a pneumatic conveyer. The patent describes a conveyer system in which a main conduit of uniform diameter throughout is utilized, into which branch conduits or pipes may discharge without permitting the material to accumulate in the bottom of the conveyer conduit. In the prior art it was the practice, when branch conduits were required, to reduce the sections of the conveyer conduit in proportion to the distance of the section from the suction or exhaust fan so as to maintain the velocity of

the air through the conveyer. This practice had a very serious disadvantage. Whenever new branches were required to be run to additional machines in a factory, the whole system needed to be reorganized in order to keep the air velocity uniform by reduction in the diameter of the sections. The patentee provided a conveyer construction which lent itself readily to any desired rearrangement of inlets or branches discharging into the conduit by providing openings in the bottom of the conveyer through which additional air might flow to prevent accumulations of materials in the bottom of the conveyer. The spaced openings in the patentee's disclosure which provide the air jets are formed by means of depressions in the successive sections of the conveyer at the ends of the sections removed from the fan, the sections being depressed just sufficiently to permit the air to flow longitudinally toward the exhaust end of the conveyer. In the prior art conveyer conduits of uniform diameter have been used, but not in connection with branch conduits. Air jets have also been introduced in prior constructions to help move the material through the conduits, as in the Dodge patents, which were designed for the handling of heavy material, and in which the air jet disclosed was injected into the conveyer at an acute angle to jump the material.

The Dodge patents were carefully considered in the Patent Office when Mahon made his application. So were the other pertinent references that are here urged in anticipation. Nothing substantial in the way of anticipation or prior disclosure is now urged that was not considered by the Patent Office, and while recognizing that the decision there is not conclusive upon this court, yet the presumption of validity that follows the granting of a patent should not be set aside without clear and convincing evidence of anticipation. Such evidence is not presented by this record, and I am constrained to hold the patent valid.

The remaining question then presented is one of infringement. The defendant manufactures a conveyer conduit in which there is used in addition to the exhaust a positive blast which helps to force the air into the conduit in the direction of the exhaust through openings which are provided by depressions in the conveyer open not immediately to the atmosphere, but open to a blast trough underneath the conveyer. The defendant utilizes upwardly inclined baffle plates. The air jets are admitted from the blast trough into the conveyer at the end of each baffle plate (except the first) farthest removed from the exhaust.

I can see no difference in principle of operation, nor in means employed, in the fact that the patentee uses an exhaust fan alone whereas the defendant uses not only an exhaust but a positive blast. Whether the air is wholly drawn through the conveyer toward the exhaust end or forced through from the other end, or whether the velocity is obtained partly by suction and partly by blast, the means are all equivalent. Henney v. New York Central & Hudson River Railroad Co. (D. C.) 200 F. 960; Byerley v. Sun Co. (C. C.) 181 F. 138. Nor can infringement be avoided by the fact that the openings to the atmosphere in the patentee's disclosure are direct and immediate, while the openings in the alleged infringing device are open to the blast trough which is itself open to the atmosphere. A similar question was presented and disposed of in this court by Judge Tuttle in Jay v. Ireland & Matthews Manufacturing Co., 280 F. 166. With the ruling there made I agree.

Eliminating the blast trough as having no bearing upon the question of infringement, we come to a consideration of the defendant's conveyer itself. The defendant admits that functionally there is no difference between Mahon's depressions and the defendant's upwardly inclined baffle plates, but insists that structurally there is a decided difference. This I fail to see. Mahon's depressions are in the bottom of the conveyer. It is claimed that the depressions resulting from the inclined baffle plates of the defendant are not at the bottom of the conveyer. If we conceive of the bottom of the conveyer as the plane along which the material is moved, then the defendant's structure and that disclosed by the patent are identical, and it is only common sense to say that in relation to the material that is moved the bottom of the conveyer is the bottom of the trough through which the material moves, and not the outside of the structure.

It is urged that this court in the case of Ottinger v. Ferro Stamping & Manufacturing Co., 39 F.(2d) 938, rejected as infringing, means substituted by defendant for the means disclosed by the patents there in issue because the means were different, even though the result was the same. The two cases are dissimilar. In the Ottinger Case, the patent was for a narrow improvement upon an automobile door lock. To avoid the disclosures of prior patents, the claims of Ottinger were narrowed so as to cover only

the specific means disclosed by Ottinger. The defendants there used a different means. The defendant here uses the same means to bring about the identical result. Here, as in the Ottinger Case, claims 11 and 12 of the patent were narrowed to avoid the prior Dodge patent. This does not deprive the patentee of protection against all equivalents. Southern Textile Machinery Co. v. United Hosiery Mills Corporation (C. C. A.) 33 F. (2d) 862; Farrington v. Haywood (C. C. A.) 35 F. (2d) 628, 630.

Claims 11 and 12 of the patent in suit are the only claims relied upon, the other ten claims having to do with the valve construction at the jet opening, which the defendant does not use. I find that claims 11 and 12 are both valid, and that both are infringed. A decree may be entered in accordance with the prayer of the bill, and in conformity with this opinion.