William H. WILLIAMS,
Petitioner-Appellant,

v.

Ted ENGLE, Respondent-Appellee.

No. 81–3564.

United States Court of Appeals,
Sixth Circuit.

Argued April 16, 1982.

Decided July 14, 1982.

Paul Mancino, Jr., P. A., Cleveland, Ohio, for petitioner-appellant.

J. Anthony Logan and Rita S. Eppler, Asst. Attys. Gen., Columbus, Ohio, for respondent-appellee.

Before EDWARDS, Chief Judge, ENGEL, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Williams appeals the district court's denial of his second petition for a writ of habeas corpus, claiming that the issuance of a conditional writ is required because in his 1970 murder trial the Ohio trial judge instructed the jury that "a person capable of reasoning is presumed to intend the natural and probable consequences of his voluntary acts."

This precise language was later, in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), held to violate a defendant's rights to due process and a presumption of innocence. This much is acknowledged by all parties in this appeal, as is petitioner's assertion that *Sandstrom, supra*, is ordinarily to be given a retroactive application, since the error would normally affect a defendant's right to a fair trial and, more importantly, bears upon the ultimate issue of his innocence or guilt. The district judge, however, denied the writ, noting correctly that our circuit has held that *Sandstrom* is subject to the harmless error rule. *See Krzeminski v. Perini*, 614

F.2d 121, 124–26 (6th Cir. 1980). The trial judge held that the harmless error rule could be properly applied here since the defendant, by his plea of self-defense and his admission that he had, in fact, fired three shots into the victim's body, acknowledged the intent to kill which the challenged instructions presumed. Whether the district court's conclusion is correct we cannot tell. Apparently in the proceedings below the state moved for permission to file only the Ohio trial court's instructions and not a transcript of the entire trial. It has been represented to us, in oral argument, that the state's motion was granted before petitioner's counsel could be heard in opposition thereto and that the motion was sent to the incarcerated prisoner, but not his attorney. No doubt this if correct was an honest mistake by the State, but the result was that Williams' attorney could not effectively and timely oppose the motion. In any event, the district court did not have the trial record and neither have we.

Recent decisions of the Supreme Court have significantly restricted the availability of habeas corpus relief, *see Engle v. Isaac*, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), in an effort to curb abuse of the writ. As the availability of the writ becomes more limited, the district and circuit courts in the federal system must be alert to ensure, as well, that the decisional process spelled out in 28 U.S.C. § 2241 *et seq.*, when employed, be observed with particular attention to the procedural protections which Congress has written into the statute.

■ As already noted, neither we nor the district judge have had an adequate record of the state trial. We are furnished, in this appeal at least, (by attachment to the state's brief), with a copy of the opinion of the Court of Appeals of Ohio, 8th District, embodied in a journal entry of January 13, 1972 which reviews the several claims of error raised by Williams, and hence, exhausted in the state system. It would appear that the recited findings of the district court here derive from a recital of the government's evidence made by the Ohio appellate court to support its conclusion that the evidence was sufficient to support Williams' conviction. Such a review by that court, however, does not in any way purport to constitute a finding of fact by a state appeals court which we are bound to accept under 28 U.S.C. § 2254(d). *See Sumner v. Mata*, 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981). Instead, these "facts" are recited solely as the government's view of the evidence, and the Ohio appellate court indicates that Williams presented a conflicting version of the killing to the jury. That court did not purport to resolve the conflict between the two versions of the killing, but merely found that the evidence presented by the state was sufficient to support the conviction. We may not, of course, accept a finding of sufficiency of the evidence as dispositive of the question of harmless error. That judgment must be made upon a fuller record.

■ Whether constitutional error in a given case is harmless beyond a reasonable doubt, within the definition of that phrase under *Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705 (1967), is not a question of mechanical application of sterile legal principles, but a sensitive judicial determination made upon a review of the record in the trial court considered as a whole, and in the light of the realities of the trial. The decision must be honestly made, with eyes open and with a full and mature appreciation of all of the circumstances which go to bear upon the ultimate verdict which was reached by the jury.

It was suggested at oral argument that the transcript of the trial may no longer be available. Whether greater diligence may now uncover it or whether stenographic notes may yet exist to reconstruct that record, we cannot determine here. Neither do we reach the question whether the petitioner ought to be foreclosed from further pursuit of his claim by his failure to have raised the issue in his first petition or, in any event, at the time when the transcript might have been available.

For the foregoing reasons we are obligated to vacate the judgment of the district court and to remand the cause for further proceedings.  Accordingly,

IT IS SO ORDERED.