William H. WILLIAMS, Petitioner,

v.

Ted ENGLE, Supt., Respondent.

No. C81–116.

United States District Court,
N.D. Ohio, E.D.

March 11, 1983.

Paul Mancino, Jr., Cleveland, Ohio, for petitioner.

Karen A. Kolmacic, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## ORDER

DOWD, District Judge.

This is a case filed pursuant to 28 U.S.C. § 2254 whereby the petitioner seeks habeas corpus relief from his 1970 conviction for first degree murder in Cuyahoga County, Ohio.

The basis for relief is the unchallenged claim of the petitioner that the instructions [1] of the trial court violated *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

The petition for habeas relief was first before the Honorable Ben Green, Judge of the United States District Court for the Northern District of Ohio, Eastern Division. Judge Green held that the trial court's instructions, to the extent that they violated the decision in *Sandstrom v. Montana, supra,* constituted harmless error because the defendant relied upon the defense of self defense admitting that he had in fact fired three shots into the victim's body and by such admission acknowledged the intent to kill which the challenge instructions presumed.

In reaching his decision Judge Green applied *Sumner v. Mata,* 449 U.S. 539, 545–47, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981) in holding that the Ohio Appellate Court which affirmed the petitioner's conviction had found facts which made the *Sandstrom* error harmless.

On appeal in *Williams v. Engle,* 683 F.2d 152 (6th Cir.1982) the decision of Judge Green was reversed and the case remanded for further proceedings [2] according to law upon the determination that Judge Green's reliance upon the appellate court record in applying *Sumner v. Mata* was inappropriate

because the Ohio Appellate Court merely determined that there was a sufficiency of the evidence to justify the conviction but that such determination was not dispositive of the question of harmless error.

The decision in *Williams v. Engle* concludes with the following language:

It was suggested at oral argument that the transcript of the trial may no longer be available. Whether greater diligence may now uncover it or whether stenographic notes may yet exist to reconstruct the record, we cannot determine here. Neither do we reach the question whether the petitioner ought to be foreclosed from further pursuit of his claim by his failure to have raised the issue in the first petition or, in any event, at the time when the transcript might have been available.

Upon remand, the respondent, despite the narrow nature of the remand, urges this Court to again dismiss the petitioner's action, citing three separate reasons.

First, the respondent again contends that the petitioner is now barred from asserting his former habeas challenge to the constitutionality of the jury instructions as a result of his procedural default in failing to challenge on state appeal the jury instructions vis-a-vis the *Sandstrom* violation absent a showing of "cause for" and "actual prejudice" from the default, citing *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 and *Fornash v. Marshall,* 686 F.2d 1179 (6th Cir.1982).

Secondly, the respondent contends that the failure of the petitioner to assert the *Sandstrom v. Montana* ground for relief in the first petition for habeas relief filed by the petitioner in 1978 constitutes an abuse of the writ in violation of Rule 9 of the rules governing 28 U.S.C. § 2254 actions which provides, in pertinent part, that:

---

1. As a part of the instruction on intent, the trial court stated: "... Having in mind that every person capable of reasoning is presumed to intend the probable and natural consequences of his voluntary acts."

2. Following Judge Green's untimely death, this action was transferred to this Court.

(b) successive petitions

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a proper petition constitutes an abuse of the writ.

Finally, as a third ground for dismissing the petitioner's action, the respondent again asserts the claim of harmless error.

Initially, the Court observes that the remand from the Sixth Circuit to this Court was narrow in its scope. The remand directs this Court to review the harmless error challenge of the respondent based upon a study of the transcript of the trial, subject only to the review of the question of whether the petitioner ought to be foreclosed from further pursuit of this claim by reason of his failure to have raised the *Sandstrom v. Montana* issue in the first petition filed in 1978, and the transcript might have been available if not now available.[3] It is the Court's view that a consideration of the *Wainwright v. Sykes* application and further consideration of the harmless error is questionable given the nature of the remand. Nonetheless the Court will address these issues.

I. *WAINWRIGHT v. SYKES* ISSUE (STATE PROCEDURAL DEFAULT/CAUSE/ACTUAL PREJUDICE)

It is abundantly clear from a review of the record that the defendant did not raise the issue of the *Sandstrom* instruction on appeal in the state court. As a matter of fact, the decision in *Sandstrom* was to come years after the petitioner's 1970 conviction in state court and the review of his conviction by the appellate courts in Ohio.

The question that emerges is whether that failure on the part of the petitioner, applying *Wainwright v. Sykes, supra, Engle*

*v. Isaac, supra,* and *Fornash v. Marshall, supra,* forecloses the petitioner from now challenging for the first time by his petition filed in 1981, the *Sandstrom* instruction.

Three recent decisions of The United States Supreme Court give rise to the present state of the law whereby a petitioner for habeas relief from a state conviction will be barred from relief where it is demonstrated that the defendant failed to timely object during trial to conduct or action now challenged as unconstitutional and is unable to demonstrate cause for such a failure and actual prejudice. The first case is *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). *Davis* involved an application for habeas relief under the provisions of 28 U.S.C. § 2255 in connection with a federal prosecution. The petitioner attempted to raise for the first time under the provisions of 28 U.S.C. § 2255 the claim of an unconstitutional discrimination in the composition of the Grand Jury. *Davis* was denied relief as he had failed to challenge his indictment on that ground. Rule 12(b)(2) of the Federal Rules of Criminal Procedure required a timely objection to the composition of the Grand Jury and the failure to do so following indictment constitutes a waiver under provisions of the Rule. *Davis v. United States* was followed by *Wainwright v. Sykes, supra.* In *Wainwright* the petitioner seeking habeas relief from his state conviction pursuant to 28 U.S.C. § 2254 contended for the first time in his federal court action that his confession admitted in his murder trial violated the mandates of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The petitioner failed to challenge the admissibility of his confession at the time of his state trial in Florida for the crime of murder. Florida statutory law required such a challenge and failure to so challenge constituted a waiver of all claims as to the admissibility of the confession. Thus, in *Wainwright,* the petitioner's fail-

**3.** Judge Green was provided with only a copy of the court's instructions, but not a transcript of the testimony. Following the remand, the respondent now advises the Court that while a copy of the transcript is no longer available, stenographic notes exist and a new transcript can be prepared but not without the cost of approximately $2000.00 given the length of the transcript.

ure was labeled a state procedural default and habeas relief was denied as the petitioner was unable to demonstrate cause for his procedural default.

Subsequently, in *Engle v. Isaac, supra,* the United States Supreme Court ruled that the failure of a series of Ohio defendants tried separately to make timely objections to the trial court's jury instructions regarding the defense of self defense as required by Rule 30 of the Ohio Rules of Criminal Procedure constituted a state procedural default and, absent a showing of cause and actual prejudice, habeas relief would be denied. *Davis, Wainwright* and *Engle* have in common the trial waiver of an objection available to the defendant at the time of trial i.e. an objection to the composition of the Grand Jury, or objection to the admissibility of a confession, or an objection to the jury instructions.

In the case *sub judice,* the limited transcript so far made available by the respondent is inconclusive as to whether the petitioner made a trial objection to the jury instructions with respect to the *Sandstrom* violation. However, at the time of the petitioner's conviction in 1970, the Ohio Rules of Criminal Procedure had not been enacted, and thus there was, at that time in Ohio, no rule or case law requirement that a criminal defendant make a timely objection to jury instructions in order to preserve the issue on appeal.

To that extent the petitioner's case and the trilogy of cases described differ. Nonetheless, the respondent contends that the recent decision of the Sixth Circuit in *Fornash v. Marshall, supra,* constitutes a holding that the failure on the part of the petitioner to raise, on appeal, an objection based on *Sandstrom* to the jury instructions constitutes a state procedural default.[4] Moreover, similar to the case at hand, the petitioner failed to raise the *Sandstrom* issue in his first action in federal court seeking habeas relief. In *Fornash* habeas relief

was denied the petitioner at the level of "actual prejudice" in reliance upon the recent pronouncement of the Supreme Court in *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982) which mandates that "the degree of prejudice resulting from instruction error must be evaluated in the total context of the events at trial." The *Fornash* decision turned on the determination that the petitioner had not shown that the jury instructions on "purpose" in the context of the *Sandstrom* violation had operated to his actual disadvantage since there was abundant evidence of intent or purpose.

Assuming that this court, despite the narrowness of the remand, is authorized to review the *Wainwright v. Sykes* issue, and assuming further that the *Wainwright* concept of state procedural default includes as implied by *Fornash v. Marshall, supra,* a failure to raise on state appeal the constitutional claim, i.e., the use of the *Sandstrom* condemned instruction, the issue of cause and actual prejudice would remain. In the case *sub judice* with respect to the "cause issue", the position of the petitioner would appear apparent, even if not precisely enunciated. In 1970, when the petitioner's trial was conducted, and in the year 1972 when his appeal to the Ohio Court of Appeals was completed, the claim that an instruction stating that the law presumes that a person intends the natural and probable consequences of his voluntary acts was unconstitutional would have been novel. Unlike the situation in Ohio at the time of *Engle v. Isaac,* cases involving instructions on the burden of proof with respect to the defense of self defense,[5] this court is unaware of any discussion among legal scholars, or advocates involved in the trial of criminal cases that the instruction first condemned in *Sandstrom v. Montana, supra,* in 1979 was in 1970 suspect.[6]

In *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982) Jus-

---

4. In *Fornash,* the petitioner was convicted in state court in Ohio in 1970 for first degree murder.

5. See footnote # 2 in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1563, 71 L.Ed.2d 783 (1982).

6. The petitioner's appeal was prosecuted by Gerald Gold of Cleveland, recognized as a

tice O'Connor, writing for the court, addressed the issue of what constitutes cause and held:

> "We need not decide whether the novelty of a constitutional claim ever established cause for failure to object. We might hesitate to adopt a rule that would require trial counsel either to exercise extraordinary vision or to object to every aspect of the proceedings in the hope that some aspect might mask a latent constitutional claim. On the other hand, later discovery of a constitutional defect unknown at the time does not invariably render the original trial fundamentally unfair. These concerns, however, need not detain us here since respondents' claims were far from unknown at the time of their trials."

Justice O'Connor's commentary pinpoints the issue respecting novel constitutional claims but delays to another day a resolution of that issue. In the absence of a definitive statement by the United States Supreme Court, this Court is of the belief that the facts surrounding the state procedural default in this case do constitute "cause" for the failure to challenge the instruction.

■ The issue of whether the unchallenged instruction, violative of *Sandstrom,* worked to the actual prejudice of the petitioner is the reverse side of the harmless error analysis employed by Judge Green and rejected on appeal.

In the absence of a trial transcript neither respondent or petitioner is able to address the respective claims of harmless error and actual prejudice.

In sum, the Court finds that the petitioner's failure to raise on state appeal the issue of the *Sandstrom* violation constitutes in the context of *Wainwright v. Sykes, supra,* a state procedural default, that cause for the default is apparent and that a definitive

declaration on the issue of actual prejudice is premature, given the absence of a trial transcript.

## II. THE SUCCESSIVE PETITION ISSUE.

■ The respondent has renewed the claim that the petitioner should have raised the *Sandstrom* claim in his first petition filed in 1978. Judge Green addressed that issue and rejected the claim that the filing of the second petition following the decision in *Sandstrom* in 1979 constituted an abuse of the writ. In so holding, Judge Green declared:

> Respondent requests this Court to find that repeated petitions for habeas corpus filed by Williams constitute an "abuse of the writ" and dismiss this action pursuant to Rule 9(b), Rules Governing § 2254 cases ... It is always within the sound discretion of the trial court to determine whether any particular second or subsequent petition for habeas corpus constitutes an abuse of the writ. *Sanders v. United States,* at 373 U.S. [1] 18, 19 [at 83 S.Ct. 1068, 1078, 1079, 10 L.Ed.2d 148]. Williams' earlier uncounseled petition for habeas corpus was filed in 1978. *Sandstrom v. Montana,* 422 [442] U.S. 510 [99 S.Ct. 2450, 61 L.Ed.2d 39] (1979), upon which one of his claims is based, was decided the next year. If the courts cannot expect counsel to "predict change in a due process doctrine," *Carter v. Jago,* 637 F.2d 449 (C.A.6, 1980), then inmates of state prisons should not bear any greater burden. The Court thus concludes that the filing of Williams' second petition for habeas corpus in this case does not constitute an abuse of the writ.

This Court agrees with Judge Green's analysis and prior rulings on the successive petition issue.

## III. THE HARMLESS ERROR ISSUE.

■ In the face of the remand, the respondent asked this Court to reexamine the

---

scholar and as a prominent defense lawyer in the trial of criminal cases. Moreover, in the opinion of the Ohio Court of Appeals affirming the petitioner's conviction, Judge Wasserman, writing for a unanimous court, relied upon the presumption condemned by *Sandstrom,* as he opined:

"Because it is presumed that a person intends the natural consequences of his voluntary acts, the jury was justified in concluding that, beyond a reasonable doubt the appellant intended to kill the decedent." [Page 4 of Opinion].

harmless error claim with respect to the *Sandstrom* violation, citing *Krzeminski v. Perini,* 614 F.2d 121 (6th Cir.1980) as controlling precedent. However, the case *sub judice* and *Krzeminski* differ in that no trial transcript exists to examine the petitioner's position at trial with respect to the homicide.

Moreover, since the remand, the Supreme Court, in a plurality opinion in *Connecticut v. Johnson,* —— U.S. ——, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983) has stated that a *Sandstrom* violation may constitute harmless error in only rare exceptions, citing as such, *Krzeminski, supra.*

In sum, the determination of the issue of harmless error must await the preparation of the trial transcript.

### CONCLUSION

Respondent shall cause to be prepared and filed with the Court within 60 days a trial transcript. Upon the filing of the transcript each party shall have 30 days to file briefs on the issue of "actual prejudice" in the context of the petitioner's state procedural default and also on the issue of harmless error. These parties shall have 15 days to file reply briefs in response to the initial briefs.

IT IS SO ORDERED.

