The Examiners in Chief directed attention to the Stewart specification, in which he states that the object of his invention "is to provide slips which will catch rods or other articles of different diameters without requiring the slips to be exchanged for others of different size." The Board then concluded that it would occur to any one skilled in the art, after reading this specification, either to enlarge the opening in the barrel of the Stewart device or the opening formed by the slips; in other words, that, given the combination of Stewart and his object, one skilled in the art would do exactly what applicant has done.

On appeal the Assistant Commissioner, after analyzing the Stewart specification, said:

"There is, therefore, a clear suggestion that Stewart contemplated using the same slips to engage rods, or parts of rods of different diameters. He did not make the opening in the barrel and in the slips large enough to embrace the coupling. Appellant has made this change, so that, not only may the rod or the pin of a broken coupling be engaged, but if the break occurs close to the coupling the slip socket will pass over the coupling so the slips may engage it. * * * Stewart having taught that the slip socket may be large enough to engage different sized rods or a rod or pin, it was but a mere carrying forward of the same idea to make the slip socket big enough to engage a third and larger part of the rod—that at the coupling. * * * The devices of the application and of the patent are mechanically identical. Any one seeing the Stewart device, reading the specification describing it, and understanding the nature of the use to which it is put, would readily understand the advantage of making the opening large enough to catch a portion of the rod which was of the diameter of the coupling."

We are constrained to adopt the views of the Patent Office tribunals. See In re Pruden, 273 Fed. 362, 50 App. D. C. 398, and Railroad Supply Co. v. Elyria Iron Co., 244 U. S. 285, 37 Sup. Ct. 502, 61 L. Ed. 1136. In the case last cited it was held that the mere carrying forward of the original thought by a change only in form, proportion, or degree—that is, by substantially the same means, but with better results—is not invention.

It results that the decision is affirmed.

Affirmed.

---

### In re CARR.

(Court of Appeals of District of Columbia. Submitted March 10, 1924. Decided April 7, 1924.)

No. 1650.

1. Patents ⟲⟿101—Claims of application for patent for receptacle for ingredients of concrete held too broad.

Claims of application for patent for combination with receptacle of separate container secured therein as partition to divide receptacle into plurality of compartments to facilitate handling of various ingredients, such as gravel and cement used in making concrete, *held* to cover the prior art, and not the particular advance over it, and hence was *too broad.*

⟲⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Patents ⟨key⟩101—Applicant should draw his claims to cover only actual invention.**

After patent has been issued, courts will so interpret claims, if possible, as to protect patentee; but an applicant in the Patent Office should draw his claims to cover only his actual invention.

**3. Patents ⟨key⟩172—Claims given broadest interpretation of which they are reasonably capable.**

The rule that claims will be given the broadest interpretation of which they reasonably are susceptible is reasonable, and tends to protect the real invention, and prevent needless litigation after the patent has issued.

Appeal from the Commissioner of Patents.

In the matter of the application of Edward C. Carr. From a decision denying two claims of the application, applicant appeals. Affirmed.

Frank E. Dennett, of Milwaukee, Wis., and William G. Henderson, of Washington, D. C., for appellant.

Theodore A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a Patent Office decision denying the two claims of an application for patent, claim 1 of which reads as follows:

"1. The combination with a receptacle, of a separate container secured therein as a partition to divide the receptacle into a plurality of compartments; the container being adapted to receive material and keep the material therein separate from other materials in the receptacle."

Claim 2 differs from claim 1, in that it contains a limitation that the separate container mentioned in claim 1 is "adjustably" secured, etc.

[1] Applicant's purpose, according to his specification, was to facilitate the handling of the various ingredients—gravel, sand, and cement—used in making concrete. He shows a so-called construction car with various compartments, which may be so divided as to contain the proper proportion of each of the concrete ingredients. When the car reaches its destination, it may be dumped, ready for immediate mixture. It is apparent that such a device will facilitate the handling of large quantities of concrete-forming materials in large structural undertakings. The Patent Office evidently recognized merit in applicant's structure, but was constrained to hold that his claims are too broad; that is, that they cover the prior art, and not the particular advance over it. The Assistant Commissioner fully discussed the question and we adopt his reasoning and conclusion.

[2, 3] After a patent has issued, and it no longer is possible for the patentee to control the phraseology of his claims, the courts will so interpret them, if possible, as to protect him; but there is no reason, as we many times have observed, why an applicant in the Patent Office

should not draw his claims to cover his actual invention only. For this reason we have uniformly ruled that claims will be given the broadest interpretation of which they reasonably are susceptible. This rule is a reasonable one, and tends not only to protect the real invention, but to prevent needless litigation after the patent has issued.

We therefore are constrained to affirm the decision.

Affirmed.

---

## POSTUM CEREAL CO., Inc., v. CALIFORNIA FIG NUT CO.

(Court of Appeals of District of Columbia. Submitted March 10, 1924. Decided April 7, 1924.)

### No. 1621.

Trade-marks and trade-names and unfair competition ⬧44—Court of Appeals has no jurisdiction of appeal from decision under act of 1920.

The Court of Appeals has no jurisdiction of an appeal from a registration of a trade-mark, under Act March 19, 1920 (Comp. St. Ann. Supp. 1923, § 9516a et seq.).

Appeal from the Commissioner of Patents.

Application for registration of a trade-mark by the California Fig Nut Company, opposed by the Postum Cereal Company, Inc. From a decision registering the trade-mark, opposer appeals. Appeal dismissed.

Edward S. Rogers, of Chicago, Ill., for appellant.

Arthur E. Wallace, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appellee secured registration of the mark "Fig-Nuts" under the provisions of the Trade-Mark Act of March 19, 1920 (41 Stat. 533 [Comp. St. Ann. Supp. 1923, § 9516a et seq.]), and in this proceeding, based upon section 2 of that act (Comp. St. Ann. Supp. 1923, § 9516b), it is sought to cancel the registration.

In U. S. Compression Inner Tube Co. v. Climax Rubber Co., 53 App. D. C. 370, 290 Fed. 345, we ruled that the act in question contains no provision for appeal to this court, and hence that we are without jurisdiction to consider one.

It results that this appeal must be and is dismissed for want of jurisdiction.

Dismissed.

Petition for appeal to the Supreme Court of the United States granted July 1, 1924.

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes