25 C.C.P.A.(Patents)

## In re HEGAN.

### Patent Appeal No. 3959.

Court of Customs and Patent Appeals.

June 6, 1938.

Arthur F. Robert, of Louisville, Ky., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

By appeal there is here brought before us for review the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting three claims, numbered, respective-ly, 15, 16, and 17, of appellant's application for patent relating to "Filtering Medium for Air Filters." Two claims of the application, numbered, respectively, 13 and 14, stand allowed. The rejected claims read:

"15. A gas filtering element consisting of corrugated wire in strand form.

"16. A filtering medium consisting of a mass of corrugated wire in strand form.

"17. A filtering medium consisting of corrugated wire in strand form arranged in a mass to define a maze of tortuous gas filtering passages."

Appellant, in his specification and drawings, discloses a filter cell having a frame work with screens. In the interior of the cell there is a space adapted to be filled with corrugated wire. The figure illustrative of the wire shows a strand crimped to form small corrugations, the strand so crimped being again crimped in a manner to superimpose larger corrugations upon the smaller. In other words, the strand is doubly crimped, or corrugated.

The brief of the Solicitor for the Patent Office states that rejection was based "on grounds involving res adjudicata and want of patentability over the prior art." The prior art reference cited is a patent to Lucien C. Cruyt, 1,450,951, April 10, 1923. This patent relates to a wet-filter screen having a frame filled with a smooth non-porous material tangled into a spongiform mass. The specification of the patent teaches: "Some suitable materials for this purpose [forming the spongiform mass] are metal wire, round or ovalized, metal ribbons and glass or celluloid filaments or ribbons."

A figure of the patent drawings discloses the wire in looped form.

In view of the grounds of rejection, a brief recital of the history of the prosecution of the application is in order.

The record does not contain all the actions affecting the application. It is deducible from it, however, that the application was filed June 30, 1926, many claims being presented; that all the claims were rejected by the examiner; that appeal was taken to the Board of Appeals from the rejection of claims, numbered 6 to 14, inclusive, and that the board affirmed the decision of the examiner as to claims 6 to 12, inclusive, but reversed as to claims 13 and 14. The decision of the examiner from which that appeal was taken does not appear in the record. The decision of the board, rendered December 29, 1931, is in the-

record. The record contains nothing respecting any further action in the case until March 20, 1936. The brief on behalf of appellant, however, supplies the following information which it is deemed permissible to quote: "After the Board's first decision, suit was filed against the Commissioner of Patents in the Supreme Court of the District of Columbia to compel the issuance of a patent containing the rejected claims. This suit was dismissed in May, 1935, and thereafter the rejected claims [1-12] were cancelled, and the application allowed, forfeited, and finally, on March 20, 1936, renewed with new claims 15-17 inclusive."

The "first decision," so referred to, is that of December 29, 1931. In that decision, claim 6 was rejected as being "so broad that it does not properly define appellant's invention." No issue respecting that claim or the relation of the ground of its rejection to the claims on appeal is involved here. So, it need not be further regarded.

The board's discussion of the remainder of the claims rejected in that decision (7-12, inclusive) reads: "Claims 7 and 8 merely call for a strand of wire adapted to be employed as a filtering medium and in our opinion the structure of a strand of wire having a certain crimping or corrugation does not properly define appellant's invention. We also believe that in a broad sense the loops of Cruyt may be regarded as crimps. For the last stated reason we consider that claims 9, 10 and 11 do not properly distinguish over Cruyt. Claim 12 does not call for a tangled mass and might involve nothing more than a mass of woven wire screens and it is clear that the wire of these screens would be corrugated."

In the statement of the examiner following the appeal to the board respecting the claims here involved, claims 7-12, inclusive, were quoted as follows:

"7. A strand of wire having a multitude of short small crimps and adapted to be crinkled into a mass for use as a filtering medium.

"8. A strand of wire having a multitude of small corrugations and adapted to be bent upon itself to form a filter medium.

"9. A filter medium comprising a mass of crimped wire.

"10. A filter medium comprising wire preformed with small crimps and arranged in a tangled mass.

"11. A filter medium comprising wire preformed with small crimps and crinkled into a mass.

"12. A filter medium comprising a mass of corrugated wire."

The examiner's statement then quoted the above excerpt from the board's decision of December 29, 1931, and continued:

Since claims 15, 16, and 17 were not deemed to distinguish patentably over claims 7-11 previously rejected by the Board, they were rejected finally for the reasons given by the Board in the above quoted paragraph.

"Claim 15 is closely similar to old claims 7 and 8. Its language is almost identical to that of claim 8.

"Old claims 9-11 recited a mass of crimped wire. Claim 10 specified that the crimped wire was arranged in a tangled mass. New claims 16 and 17 call for a mass of corrugated wire in strand form. Cruyt's wire clearly is in strand form and the Board held that in a broad sense his loops may be regarded as crimps. They therefore similarly may be regarded as corrugations for the terms, at least as applied to wire, appear to be synonymous. Cruyt's metal wool is 'tangled into a spongiform mass.' Page 1, line 85.

"Claims 16 and 17 also are closely similarly to old claim 12, claim 16 adding to the old claim only the statement that the wire is 'in strand form.' The Board stated that the structure of claim 12 'might involve nothing more than a mass of woven wire screens and it is clear that the wire of these screens would be corrugated.' It also seems clear that the wire of these screens would be in 'strand form,' the insertion to the specification to the contrary notwithstanding. It also will 'define a maze of tortuous passages' as added in claim 17."

The board, passing upon the here appealed claims, said: "For reasons analogous to those stated by us in the other decision [December 29, 1931], we believe that all of the appealed claims do not define appellant's invention because they are so broad as to read upon a corrugated strand of wire woven into a fabric and the fabric employed as a filter. Claims 16 and 17, of course, would require a plurality of fabrics assembled together to form a mass. We believe, therefore, that none of the appealed claims properly defines appellant's contribution."

■ We are of the opinion that the claims on appeal here are not patentably distinguishable from the subject matter of claims 7 to 12 finally rejected and cancelled from the application, as has been recited. Also, we are of the opinion that when the claims are broadly construed under the general rule that, as stated in the brief for appellant, "* * * each claim should be given the broadest meaning which can be imposed upon it without violence to the language used in it," the claims are not patentable over the cited art.

As we interpret the brief for appellant, this is virtually conceded, but appellant argues, in substance, that the purpose of this general rule is to prevent indefiniteness in the meaning of claims; that definiteness is insured in this case by a special definition, which, it is urged, was set forth in an amendment to his specification at the time of his renewal of the application; that this definition avoids the application of the general rule which is not inflexible; that the board should have invoked exception to the general rule, and, lastly, that "Claiming Difficulty Merits Exception to General Rule." No authorities are cited by appellant in support of the foregoing contention, it being said that no "authority has been discovered which either directly supports or refutes" the position taken as to the avoidance of the general rule by specific definition.

The amendment to appellant's specification alluded to above reads: "It is to be further understood that the 'term 'corrugated wire in strand form' is intended to denote free strands of wire as distinguished from strands which are woven or knitted together, in screen or like form."

■ Whatever of limitation there may be in this definition, such limitation does not appear in the appealed claims and it is well settled that, while claims are to be read in the light of the specification, limitations not in the claim need not be considered even though the application disclosure would support such limitations.

So far as appellant's application is concerned, no question is raised as to it supporting the claims at issue. The difficulty is that their breadth brings them in conflict with the prior art. The allowed claims contain certain limitations which the board held rendered them patentable, even before appellant had inserted the defining amendment in the specification. In the case of In re Buckwalter, 75 F.2d 515, 22 C.C.P.A., Patents, 1031, we said (page 516): "As has been so often said, the claim is the measure of the invention, and, if appellant's claims were so broadly drawn as to read upon the prior art, we know of no rule which would authorize the tribunals of the Patent Office, or the courts to read limitations, based upon extraneous arguments, into them."

■ Appellant's argument respecting "claiming difficulty" is to the effect that the nature of his invention renders difficult the formulation of claims which clearly define the invention and set it apart from the prior art and that this should be taken into consideration and an exception made to the general rule. As stated, no authority was cited in support of this position and we have found none. The statute (R.S. § 4888, 35 U.S.C.A., § 33) requires that an inventor "* * * shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery."

As to the allowed claims in this case, appellant obviously was able to comply with the statutory requirement. One can appreciate the difficulty which appellant had in trying to draw broad claims which would not read on the prior art, the difficulty being that when broad, at least as here expressed, they do conflict with that art.

In oral argument appellant discussed the matter of non-analogous art, seeking to distinguish from the Cruyt patent upon that basis. By permission of the court, a supplemental memorandum was filed, citing authorities upon this question. These authorities we have examined with interest, but, in our view, there is not a remoteness between the art of the application and the art of the patent which renders them applicable here.

In view of our conclusion as to the claims being anticipated by the prior art, it is unnecessary to consider the question of res adjudicata suggested in the brief of the Solicitor for the Patent Office.

The decision of the Board of Appeals is affirmed.

Affirmed.