33 C.C.P.A. (Patents)

## Application of GRISWOLD.

Patent Appeal No. 5060.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

Francis D. Thomas and Harry W. F. Glemser, both of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office rejecting claims 4, 5, and 8 to 14, inclusive, of an application for a patent for "certain new and useful improvements in Anti-Siphon Valve," for lack of patentability over the prior art. Five claims were allowed.

The following references were cited: Linstrom, 573,788, December 22, 1896; Gulland, 595,061, December 7, 1897; Putnam, 1,901,119, March 14, 1933; Jurs, 2,214,963, September 17, 1940.

The invention relates to an automatic pilot-controlled, diaphragm-operated, anti-siphon or non-return flow valve, a description of which is clearly set out in claim 4, which reads as follows:

"4. A pilot-controlled anti-siphon pressure relief valve comprising: a main valve having a body provided with an inlet opening and an outlet opening; means in said body for controlling the flow between said openings; a main diaphragm assembled with said body, said diaphragm being free from direct connection with said flow control means and having the underside thereof exposed to the pressure of fluid in said outlet opening; a diaphragm pressure chamber above said main diaphragm; a pilot valve housing; aligned passage means in said main valve and said pilot valve housing for conducting operating fluid under pressure from said inlet opening into said pilot valve housing; other passage means in said main valve for conducting fluid from said pilot valve housing into, and exhausting said fluid from, said main diaphragm chamber during closing and opening of said main valve, respectively; pilot valve means in said pilot valve housing cooperable with said other passage means in said main valve for controlling the admission of operating fluid into and the exhaust of spent fluid from said main diaphragm chamber in accordance with pressure changes in said inlet opening; and means responsive to the pressure in said inlet opening arranged to automatically actuate said pilot valve means."

The patent to Linstrom has for its object the providing of a check valve designed to prevent steam-pressure from forcing water from a steam boiler, thereby preventing reverse flow. The pressure in the water feed pipe acts upwardly on the lower face of a valve, pushing it open by overcoming the pressure of a spring. When the pressure in the pipe falls, the valve is moved to closed position by the spring and the steam pressure acting downwardly on the upper face of the valve.

The Gulland patent relates to an improved valve actuated either automatically or by hand. Its object is said to be a construction in which water pressure operates to hold the valve firmly against its seat. The device is diaphragm-operated, controlled by a pilot valve.

The Putnam patent relates particularly to a flush valve for connecting supply and discharge members. A purpose is stated to be the providing of a flush valve which prevents siphoning of water through the discharge member into the supply pipe caused by decrease in pressure in the latter. The device is so constructed that in its operation there will be no reverse flow through the valve when the pressure of the supply falls below the outlet pressure.

The patent to Jurs relates to a device for automatically relieving gas or vapor pressures, useful in connection with storage tanks containing volatile liquids, such as gasoline. The patent discloses a valve intended to open to relieve pressure exceeding a given amount in the inlet pipe. The valve when closed is seated by pressure in a chamber above a diaphragm member, which operates through a rod to close the valve by pressure on the upper end of the valve stem. A pilot valve is disclosed which is moved when pressure below the diaphragm member reaches a certain amount. When the pressure fluid passes through to the outlet side of the valve, the relief of pressure in the chamber permits the inlet pressure to push the main valve into open position. Clearly the operation of this device precludes back pressure into the inlet pipe.

The Board of Appeals in its decision affirmed the decision of the examiner in his rejection of claims 4 and 5 as not amounting to invention over the disclosure of the Jurs patent, and of claims 8 and 14 as unpatentable over the Putnam patent. The board also rejected those claims on the Gulland patent. The board affirmed the rejection by the examiner of claims 9 to 13, inclusive, on the ground that the combination recited in those claims is disclosed in the Jurs patent, and also claims 9 to 12, inclusive, on either the Putnam patent or the Gulland patent, in view of the Linstrom patent. Claim 13 was further rejected on the Gulland patent in view of the Jurs patent.

The control of a main valve by a pilot valve is not new. Neither is a valve which prevents a siphoning back or return by reason of difference in pressure of fluid from a discharge pipe into a feed pipe. Therefore, if appellant is to prevail, the device defined in the rejected claims must distinguish patentably from the prior art. In our opinion such distinction has not been made.

The structure described in claim 4 is met substantially by the structure of the Jurs patent. In the brief of the Solicitor every limitation of that claim is read upon the drawings of the Jurs patent so as to leave no doubt that the structures are so similar, even though their functions may be different, as to negative patentability.

Claim 5 differs from claim 4 merely in the omission of the last clause. The omitted portion refers to the diaphragm in appellant's device. That claim recites a cover for the main valve body, but that limitation is met by the device of Jurs.

Claim 8 recites a disk valve with a stem, while the device in the patent to Gulland discloses a ball valve. We are of opinion that such difference in valve form lacks patentable significance. The ball valve of the patent device closes the valve by reason of its weight. Claim 14 is broader than claim 8 for the reason that it does not set out the valve stem. It would seem that aside from minor differences both of those claims are fully met by the structure of the Gulland patent. Appellant contends that since there is no pressure in the outlet opening of the patent device, the structure is not a proper reference. Certainly atmospheric pressure is present at the outlet of the Gulland device, and those claims do not require any higher pressure in the outlet. In any event, even though the device of the Putnam patent, upon which those claims were also rejected, lacks "means cooperable with the valve stem for continuously urging the valve stem and valve disk downwardly toward closed position," it was considered by the tribunals below that to add a spring for the purpose of urging the valve toward its seat would obviously not involve invention. The use of springs in this connection is common, and is shown in the Linstrom patent. Putnam does not disclose a flexing diaphragm as a means to move the valve toward its seat, but instead shows a movable piston. To use one in place of the other in our opinion does not involve invention.

Claims 9 to 13, inclusive, in our opinion, were properly rejected in the Patent Office as being for the same combination of pilot valve and main valve shown in the device of the Jurs patent. The examiner stated that the elements which constituted the combination of pilot and main valves correspond to the elements of the device disclosed by Jurs. The board in this connection held that while neither that patent nor the Gulland patent shows a spring in connection with the diaphragm in seating the valve, the weight of the members would help seat the valves and would be the equivalent of the spring in appellant's combination. The board further pointed out that the device of the Linstrom patent discloses a spring for this purpose.

For the reasons hereinabove stated, the decision of the Board of Appeals is affirmed.

Affirmed.