Modified.

34 C.C.P.A. (Patents)

## In re HOOVER.

### Patent Appeals No. 5232.

Court of Customs and Patent Appeals.

Feb. 11, 1947.

William B. Jaspert, of Pittsburgh, Pa., for appellant.

W. W. Cochran of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel) for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

The sole question for determination is whether the Board of Appeals of the United States Patent Office committed reversible error in affirming the action of the Primary Examiner in rejecting claim 14 in appellant's application for a patent for alleged "new and useful improvements in Oppositely Rotating Propellers." The basis of the rejection is that the claim is so broadly drawn as to read upon the disclosure of the patent to Martin et al., No. 2,081,946, issued June 1, 1937.

▇ Twelve claims were allowed by the tribunals of the Patent Office. Four were rejected by the Primary Examiner and four were entered for the purpose of interference. Of the four claims appealed here, appellant has moved in writing to dismiss the appeal as to claims 12, 17, and 18. The motion will be granted. In addition to reliance on Martin et al., the Primary Examiner relied on the patent to Kenney. However, the board held that the patent to Kenney was not a proper reference. Accordingly, it is unnecessary to consider the disclosure of that patent.

Claim 14, the only claim which requires our consideration, reads: "14. In combination, a pair of associated propellers, means for changing the pitch of each of said propellers, the pitch changing means of one propeller comprising a governor controlled mechanism, means for controlling the energization of the pitch changing means of the other propeller, said controlling means comprising two cooperating parts, means for actuating one of said parts only by pitch changing movements of the blades of said one propeller, means for actuating the other part only by pitch changing movements of the blades of the other propeller, said parts having one relative position at which energization of the pitch changing means of said other propeller is always prevented and constructed

and arranged so that relative movement of either part causes the blade pitch of said other propeller to change to and bring said cooperating parts into said one relative position."

The subject matter of the rejected claim and the language thereof are highly technical and involve complex mechanism relating to controls, more particularly to controls for airplane propellers. The board described the invention as follows:

"This invention relates generally to maintaining the motor or motors of an airplane at constant speed by means of the propeller or propellers whose pitch is automatically varied when the speed of the motor or motors deviates from the constant speed desired to be maintained. The references cited are also directed to the provision of mechanism functioning in that way. Applicant discloses mechanism whereby when due to variation of the speed of a motor from the desired constant speed the pitch of a propeller is changed to restore the motor to constant speed the pitch of a second propeller is tandem with the other propeller is also changed for the same purpose."

The Solicitor for the Patent Office in accepting the basis of the controversy hereinbefore stated concedes that the actual operation of the mechanism disclosed by the patent to Martin et al. is quite different from the operation of the mechanism claimed by appellant, but contends that since appellant has drawn claim 14 in such broad and indefinite terms, he is in no position to argue that it was not properly rejected on that reference.

▇ The solicitor correctly states that limitations not contained in a claim cannot be read therein, although disclosed in the specification, in order to avoid the prior art.

The patent to Martin et al., so far as pertinent, discloses from two to four propellers each of which is operated by an engine for the propulsion of an airplane.

The pitch changing means of each propeller comprises a governor controlled mechanism whereby the speed of the propeller engines are synchronized by means of a unitary hydraulic system in which the hy-

draulic control mechanism will place the same loading upon the spring of each of the governors. As explained in the specification, if one engine tends to vary its speed with respect to the other engine, its governor will effect pitch adjustment of its propeller to bring that engine back into synchronism with the selected rate of speed.

The disclosure in the patent to Martin et al. also includes an additional governor or cooperating part for controlling the speed of all of the engines by means of a common fluid reservoir provided with a manually actuated piston located on the instrument board of the airplane within convenient reach of the operator. By this hydraulic control system he may simultaneously adjust the speed of all of the governors of the respective engines.

The board enumerated the respective members of the mechanism and their movements as disclosed by the reference patent, pointing out that the interaction of the two distinct governors through the hydraulic system constituted a movement of each of them by the pitch changing movement of the other which responded to the broad limitation of the rejected claim. The board also held that parts of two propeller installations when operated by closing the valves have one relative position at which pitch changing is always prevented as called for by the claim.

Upon reconsideration the board adhered to its original decision and called attention to the fact that the claim does not specify any structure or means to establish the one relative position of two cooperating parts at which pitch changing is prevented.

Appellant contends that the disclosure of the reference patent is not responsive to the terminology of claim 14 in that the reference patent has no elements that bring about a coaction of elements and therefore the reference defines an aggregation and not a combination as called for by the rejected claim.

Each of the two pitch changing means disclosed by the reference patent is controlled by a governor and these governors, as stated by the board " * * * cooperate with each other through a hydraulic system in such a way that when the pitch changing mechanism of any propeller operates to change the pitch of its propeller the governor of that pitch changing mechanism will through the hydraulic system so effect the governor of the pitch changing mechanism of each of the other propellers as to cause these other pitch changing mechanisms to make corresponding adjustment in the pitch of their propellers."

The difficulty with appellant's position is that his claim for a combination cannot be allowed for the reason that it is so broadly drawn as to cover the disclosure of the reference patent and to define no patentable advance over it. In re Horton, 54 F.2d 961, 19 C.C.P.A., Patents, 871; In re Carr, 54 App.D.C. 283, 297 F. 542.

The claim recites no function that is not performed by the mechanism of the reference patent nor is the claim, as are the allowed claims, limited to "oppositely rotating propellers." Moreover, the series of involved relationships called for by the claim do not define subject matter patentable over the cited patent nor disclose any new or useful result.

Claims 12, 17, and 18 are dismissed, and, in the absence of a clear showing of error, the decision of the Board of Appeals will not be overruled as to claim 14. The decision appealed from is accordingly affirmed.

Affirmed.