**Application of GARTNER et al.**
**Patent Appeal No. 6124.**

United States Court of Customs and Patent Appeals.
June 28, 1955.

J. Albert Hultquist, New York City (Theodore S. Kenyon and Michael Ebert, New York City, of counsel), for appellants.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1, 2, 4 to 10, inclusive, and 17, of appellants' application, Serial No. 9,844, for a patent on an apparatus and method for inserting heaters into cathode sleeves.

The application discloses a rather complex device. It comprises apparatus for successively feeding cathode sleeves into a position in which the mouth of the sleeve is opposite the restricted end of a funnel, and holding the sleeve in that position while a heater is fed into it through the funnel. The heater feeding means includes a carriage which moves the heater axially into the sleeve through the funnel, as well as means for simultaneously imparting to the heater a relatively slow oscillatory movement and driving the leading end of the heater rapidly in a small orbit about the axis of the sleeve.

Patentability of appellants' specific apparatus has been recognized by the Patent Office in the allowance of a number of claims. At issue here is whether the appealed claims properly define the inventive features and patentably distinguish over the prior art.

The references relied on by the board are: Kew et al., 2,400,122, May 14, 1946. Schneider et al., 2,498,455, February 21, 1950.

The patent to Kew et al. discloses an apparatus for inserting a filament into a thermionic mount, in which a vibratory motion is imparted to the filament during its insertion, in addition to the longitudinal movement, by vibrating a funnel through which the filament passes.

The patent to Schneider et al. is principally relied on by the board. That reference discloses an apparatus in which cathode sleeves are successively fed into a position in which the sleeve is fixedly held by jaws providing a funnel-shaped opening with the smaller end registering with the mouth of the sleeve. While the sleeve is in that position, another mechanism advances a heater element through the opening and into the sleeve by a longitudinal movement.

The following claims are illustrative and read:

"1. The method of assembling indirectly heated cathodes having a bundle of heater wire within a hollow sleeve and comprising the steps of simultaneously compacting said bundle of heater wire, oscillating the bundle relative to said sleeve and about its longitudinal axis, and advancing it endwise toward and into the open end of the cathode sleeve.

"2. The method of assembling a bundle of heater wire into a cathode sleeve comprising the steps of simultaneously advancing the bundle endwise toward a hollow cathode sleeve and rapidly driving the foremost end of the bundle in an orbit about the axis of said sleeve and which is small in comparison to the end opening of the cathode sleeve.

"7. Apparatus for assembling indirectly heated cathodes comprising means for supporting a cathode sleeve, a carrier for a bundle of heater wire, drive mechanism for causing mutual approach of said sleeve-supporting means and said bundle carrier, and a high-speed vibrator mechanism for moving the juxtaposed ends of the bundle and the cathode sleeve in relation to each other.

"8. Apparatus for assembling indirectly heated cathodes comprising means for supporting a cathode sleeve, a carrier for supporting a bundle of heater wire in endwise alignment with a supported sleeve, drive mechanism for causing mutual approach of said sleeve-supporting means and said bundle carrier, means for producing slow relative oscillation between the sleeve and bundle about the common axis of the sleeve and bundle, and a high-speed vibrator mechanism for moving the juxtaposed ends of the bundle and the cathode sleeve in relation to each other."

Claim 1 calls for a method of assembly in which a bundle of heater wire is advanced endwise into a sleeve and is simultaneously oscillated relative to the sleeve and about its longitudinal axis. That claim was rejected on Schneider in view of Kew, the board holding that "it would not call upon the exercise of the inventive faculty to vibrate the funnel guide of Schneider" in view of Kew's disclosure of a vibrating funnel guide. However, as pointed out by appellants, the funnel guide of Schneider is rigid with the sleeve and could not be vibrated relative thereto. Accordingly, even assuming that Kew's vibration is equivalent to the oscillation recited in claim 1, the combination of references relied on would not produce a vibration of the bundle relative to the sleeve and about its longitudinal axis, as called for by the claim. We are, therefore, of the opinion that claim 1 defines a combination of steps not fairly suggested by the references, and should have been allowed.

Process claims 2, 4, 5, and 6, were held unpatentable as being drawn to the function of appellants' machine. It is well settled that such a rejection is proper unless it appears that the process claimed can be carried out either by some machine having materially different characteristics from those of the machine disclosed in the application, or by hand. In re Ashbaugh, 173 F.2d 273, 36 C.C.P.A., Patents, 902; In re Washburn, 182 F.2d 202, 37 C.C.P.A., Patents, 1094, and In re Horvath, 211 F.2d 604, 41 C.C.P.A., Patents, 844. Appellants disclose only one machine and there is no showing that the processes of claims 2, 4, 5, and 6 could be carried out by any machine which did not have the same essential characteristics as the one disclosed.

The examiner and the board were of the opinion that these processes of claims 2, 4, 5, and 6 were not susceptible of hand operation, especially with respect to the step of rapidly moving the bundle in a small orbit or circular path. We are of the opinion that that view was correct, at least on the record presented up to the time of the board's original decision. After that decision was rendered, appellants presented an affidavit allegedly showing that hand operations "with the aid of a simple tool" may serve to carry out the claimed methods. The board refused to consider the affidavit on the ground that it failed to comply with the requirements of Patent Office Rule 195 that it was not accompanied by a showing of good and sufficient reasons why it was not earlier presented. It is urged by the appellants that, although they presented no showing with the affidavit to explain their delay in filing it, they had previously presented a showing which the board should have held sufficient. The question thus presented is one of Patent Office practice, and this court will not disturb the ruling of the Patent Office in such a matter in the absence of a showing of clear error. In re Austin, 40 F.2d 756, 17 C.C.P.A., Patents, 1202, and In re Stauber, 45 F.2d 661, 18 C.C.P.A., Patents, 774. We have carefully considered appellants' arguments on this matter but are of the opinion that no such clear error has been shown. Accordingly, since the affidavit was not considered by the board, it will not be considered here. For the reasons stated, the rejection of claims 2, 4, 5, and 6 as being drawn to the function of appellants' machine is sustained.

Claims 7 to 10, inclusive, and 17 were rejected on Schneider in view of Kew on the ground that there would be no invention in vibrating the funnel guide of Schneider. Since the Kew and Schneider patents are generally similar in structure and function, we are of the opinion that the proposed modification could be made without the exercise of invention. It remains to be determined whether the rejected claims define invention over the Schneider structure as thus modified.

Claim 7 is readable on the Schneider device except for the final element recited; namely, "a high-speed vibrator mechanism for moving the juxtaposed ends of the bundle and the cathode sleeve in relation to each other;" and whether the proposed modification of Schneider in view of Kew would provide such a means. Appellants urge that the vibration of Schneider's funnel would serve no useful purpose, and that it would vibrate the bundle as well as the sleeve so that there would be no relative movement between them. Even assuming, however, that the bundle would vibrate with the sleeve after a substantial portion of it had entered the sleeve, it is clear there would be a relative vibration between the two during their mutual approach and at the time when the bundle entered the sleeve. That appears to be enough to satisfy claim 7, which does not specify that vibration takes place throughout the assembling operation, nor even at any particular time. It is well settled that claims of a pending application must be given their broadest reasonable interpretation, and that limitations will not be read into them to distinguish from the prior art. In re Carr, 54 App.D.C. 283, 297 F. 542, and In re Horton, 54 F.2d 961, 19 C.C.P.A., Patents, 871. It is also well settled that apparatus claims must distinguish from the prior art by structural limitations, and cannot be allowed because of functions not necessarily produced by the apparatus recited. In re Stattman, 146 F.2d 290, 32 C.C.P.A., Patents, 813, and In re Griswold, 152 F.2d 1014, 33 C.C.P.A., Patents, 799. It is noted that claim 1, which is considered allowable, is limited to an oscillation of the bundle itself, whereas claim 7 calls merely for relative vibratory movement between the bundle and sleeve. We accordingly hold that claim 7 fails to define invention over the references on which it was rejected.

Claim 8 calls for a means for producing a slow oscillatory movement between the sleeve and bundle and, in addition, a high speed vibrator for producing relative movement between the two. That concept of two distinct movements seems wholly foreign to anything suggested by the references, and we are of the opinion that claim 8 patentably distinguishes over them.

Claim 9 differs from claim 7 in that it calls for a guide between the tube support and bundle carrier, as well as a vibrator for the guide. In our opinion such an arrangement would not be satisfied by the suggested modification of Schneider, which would result merely in vibration of the tube. Claim 9 is therefore considered allowable, since it seems probable that the difference involved would materially affect the relationship between the tube and bundle during assembly.

Claims 10 and 17 are similar to method claim 1 in that they require oscillation of the bundle to be inserted in the sleeve about its longitudinal axis. For the reasons previously given, we consider that feature, in combination with the other elements of claims 10 and 17, constitutes a patentable distinction over the references relied on by the Patent Office.

Claims 8, 10, and 17 were also rejected as indefinite on the ground that it is not apparent from them how the recited elements cooperate to produce a unitary result. However, as we interpret them, each of the elements of the claims appears to be sufficiently defined in its relation to the other elements recited. It is, of course, true that other elements would be necessary to produce a complete

operative machine, but that is not a fatal defect where, as here, the elements recited define a proper subcombination. It is noted that claims 7 and 9, although quite similar to claims 8, 10, and 17, were not similarly rejected as indefinite. In our opinion the latter claims are sufficiently definite to comply with the statutory requirements.

For the reasons hereinbefore stated, the decision of the Board of Appeals is modified, being affirmed as to claims 2, 4, 5, 6, and 7, and reversed as to claims 1, 8, 9, 10, and 17.

Modified.

JOHNSON, J., concurs as to the conclusion of the majority relative to claim 1, and dissents as to claims 2, 4, 5, 6, 7, 8, 9, 10, and 17.